# IN THE COURT OF APPEALS OF IOWA

No. 13-0796
Filed April 30, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DONNELL CHRISTOPHER PEARL,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Polk County, Eliza J. Ovrom, Judge.


        A defendant appeals following his guilty plea asserting counsel was ineffective in not objecting to the State's breach of the plea agreement and the court abused its discretion in sentencing him.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Martha Lucey, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, John P. Sarcone, County Attorney, and Andrea Petrovich and Stephen Bayens, Assistant County Attorneys, for appellee.


        Considered by Danilson, C.J., and Vaitheswaran and Mullins, JJ.

**MULLINS, J.**

Donnell Pearl appeals his conviction, following a guilty plea to theft in the second degree, in violation of Iowa Code sections 714.1(4) and 714.2(2) (2011), and possession of a controlled substance, third offense, in violation of section 124.401(5). He contends his trial counsel rendered ineffective assistance when counsel failed to object to the State's breach of the plea agreement. While the State recited the agreement to the court, Pearl contends the State did not "recommend" the agreement to the court thus violating the "spirit" of the agreement. He also claims the court abused its discretion in sentencing him when the court improperly considered his failure to reside at the halfway house as ordered in his release from jail. He also contends the court abused its discretion in ordering consecutive sentences without considering all the pertinent factors. Finally, he claims the court did not properly consider his reasonable ability to pay when it ordered him to reimburse the State for the cost of his court-appointed attorney. For the reasons stated herein, we affirm Pearl's conviction and sentence.

**I. Background Facts and Proceedings.**

Pearl was charged with possession of a controlled substance, third offense, and second-degree theft of an automobile arising from two separate incidents in the fall of 2012. As part of a plea agreement, Pearl agreed to plead guilty to the offenses, the State would dismiss two other pending charges, and the parties would jointly recommend to the court to suspend the sentences, which were to run consecutively, and place Pearl on probation. After Pearl pled

guilty, but before sentencing, he was released from jail on his own recognizance with the condition he reside in a halfway house. The record indicates Pearl was at the halfway house for only one day before he left. He subsequently missed his presentence investigation interview, and a warrant was issued for his arrest. After he was arrested, the case proceeded to sentencing on May 6, 2013.

The prosecutor stated to the court during sentencing:

In reviewing the court order of January 22, it appears there is a plea agreement that had been struck wherein the parties would jointly recommend consecutive sentences with a suspended sentence and probation, so long as the defendant refrained from further criminal activity. Obviously the events that have transpired, as documented by the court, I don't believe probably constitute additional criminal activity, so as a result the State continues to be bound by the terms of the plea agreement and would urge the court to adopt those terms as stated in the order accepting guilty plea dated January 22, 2013.

Defense counsel also asked the court to adopt the terms of the plea agreement and suspend the sentences. Counsel acknowledged that Pearl did not abide by the conditions of his presentence release to remain at the halfway house, but he had maintained his sobriety. He completed treatment at the Iowa Residential Treatment Center, and his prior criminal history only included misdemeanors.[1] Pearl admitted to leaving the halfway house but had nothing else to say in relation to his sentence.

---

[1] Pearl's criminal history includes more than twenty misdemeanor convictions for crimes including theft, domestic abuse assault, harassment, possession of drug paraphernalia, possession of a controlled substance, stalking, child endangerment, assault, harassment of a public officer, interference with official acts, driving while barred, criminal mischief, and trespass.

The court ordered Pearl be sentenced to imprisonment not to exceed five years on each offense, ordered the sentences to be served consecutive, and did not suspend the sentences. The court stated:

> I am not going to honor the plea agreement to suspend those sentences and provide probation in this case. This is based on two things. One is your criminal history, Mr. Pearl. It is lengthy. While it may not be felonies, it's very lengthy. I don't think it shows success on probation, community-based matters. And, two, your behavior since the [plea hearing] when we tried to send you to the halfway house and you left and so forth and missed the PSI interview. So I don't think that probation would provide reasonable protection of the public or maximum opportunity for your rehabilitation.
> I'm also going to run these two sentences consecutively to each other based on the separate and serious nature of the offenses, so this is a sentence of a period not to exceed ten years.

The court suspended the minimum fines due to his incarceration but ordered Pearl to pay the attorney fees in the amount approved by the state public defender "because that's going to be a reasonable amount."

Pearl appeals.

## II. Breach of Plea Agreement.

Pearl claims his attorney was ineffective in failing to object to the State's breach of the plea agreement. Specifically, he claims the State, while technically complying with the terms of the agreement, breached the spirit of the agreement by not advocating for the recommendation. He contends the prosecutor's statement was "at best, half-hearted and, at worst, a poorly disguised hint that the court need not follow the agreement."

In order to prove counsel was ineffective in failing to object to the State's alleged breach of the plea agreement, Pearl must prove counsel failed to perform

and essential duty and he suffered prejudice as a result.  *State v. Horness*, 600 N.W.2d 294, 298 (Iowa 1999).  We will not fault counsel for failing to object if in fact the prosecutor's statement does not breach the plea agreement.  *Id.*  Our review of this claim is de novo.  *Id.* at 297.

Our supreme court has determined that when the State assumes an obligation to make a certain sentencing recommendation as part of a plea agreement, "mere technical compliance is inadequate; the State must comply with the spirit of the agreement as well."  *Id.* at 296.

> A fundamental component of plea bargaining is the prosecutor's obligation to comply with a promise to make a sentencing recommendation by doing more than simply informing the court of the promise the State has made to the defendant with respect to sentencing.  The State must actually fulfill the promise.  Where the State has promised to "recommend" a particular sentence, we have looked to the common definition of the word "recommend" and required "the prosecutor to present the recommended sentence with his or her approval, to commend the sentence to the court, and to otherwise indicate to the court that the recommended sentence is supported by the State and worthy of the court's acceptance."

*State v. Bearse*, 748 N.W.2d 211, 215–16 (Iowa 2008) (citations omitted).  Because plea agreements are "essential to the efficient administration of justice," and because a plea agreement "requires a defendant to waive fundamental rights," "we are compelled to hold prosecutors and courts to the most meticulous standards of both promise and performance."  *See id.* at 215.

The State claims the prosecutor did comply with the spirit of the agreement.  The prosecutor did first mention the events that had transpired between the plea and sentencing did not constitute additional criminal activity, and he stated that it was his understanding he was still bound by the agreement.

He then "urge[d]" the court to adopt the sentencing recommendation. The State points out this case is unlike many other cases where the State was found to have breached the spirit of the agreement by referencing the presentence investigation report and reminding the court it was not bound by the plea agreement, *see id.* at 216, or failing to commend the sentence to the court and proposing "alternative" sentences. *See Horness*, 600 N.W.2d at 300.

We agree with the State that the prosecutor here did not breach the spirit of the agreement. The court was aware of and had already mentioned Pearl had failed to appear at his presentencing investigation interview resulting in an arrest warrant being issued. In mentioning this event, the prosecutor was clarifying for the court that the defendant had not committed additional criminal activity, which would have relieved the State of the obligation to comply with the plea agreement. The prosecutor did not propose alternative sentences or reference the sentencing recommendation contained in the presentence investigation report. While he did not detail the reasons the sentencing recommendation was appropriate in this case, he did "urge" the court to adopt the terms of the agreement and sentence Pearl accordingly. We find no breach of the spirit of the plea agreement. Therefore, Pearl's ineffective-assistance claim fails.

## III. Sentencing.

Pearl also contends the court abused its discretion in a number of respects in sentencing him. First, he claims the court improperly considered his decision to leave the halfway house as "absconding." Because the halfway house was a private facility, not a correctional institution, he could not have been

considered to have "escaped" from the placement. He contends that his decision to leave the halfway house was at most a violation of the conditions of his release. Secondly, he claims the court abused its discretion in imposing consecutive sentences based only on the "separate and serious nature of the offenses." Finally, he states the court did not consider his reasonable ability to pay when it ordered him to reimburse the State for the cost of his court-appointed attorney.

Our review of a court's sentencing decision is for correction of errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We will reverse a district court's decision only when the court abuses its discretion or there is a defect in the sentencing procedure. *Id.* A sentence that is within the statutory limits is cloaked with a strong presumption in its favor. *Id.*

While the court did not refer to Pearl as "absconding" from the halfway house at the time it imposed the sentence, it had earlier in the hearing stated the court file showed he failed to appear at his presentence investigation interview, "that he had absconded from that halfway house placement," and that an arrest warrant was issued. Nowhere does the court state that Pearl had "escaped" from the facility or that he was charged with a crime as a result of leaving the halfway house. Pearl admitted to the court at sentencing that he did leave the halfway house in violation of the conditions of his release, and his attorney even mentioned the incident as well, asserting that despite the fact he left, he had maintained his sobriety. The court did refer to his absence from the halfway house as a reason for not honoring the plea agreement, in particular rejecting the

recommendation of probation. The court considered the absence as an indication that placing Pearl on probation would not adequately protect the public or provide him the best opportunity for rehabilitation. We find no abuse of discretion in the court's consideration of Pearl's failure to comply with the presentence release conditions when it was determining whether placing Pearl on probation would be appropriate in this case. *See State v. Grey*, 514 N.W.2d 78, 79 (Iowa 1994) (finding no abuse of discretion in the court's consideration of the defendant's prior record and the report of his pretrial release supervisor).

Next, we will address Pearl's claim the court abused its discretion in ordering consecutive sentences in this case. We begin by noting the plea agreement called for consecutive sentences, though it was recommended those sentences be suspended and Pearl be placed on probation. While the court stated it was imposing consecutive sentences based on the separate and serious nature of the offenses, it also clearly considered Pearl's criminal history and lack of success in community based programs as reasons for imposing the sentence that it did. The court clearly considered the need to protect the public and what placement would provide the best opportunity for Pearl's rehabilitation. Even a terse and succinct statement by the court of the reasons for imposing the sentence is sufficient so long as the brevity does not prevent us from reviewing the exercise of the court's discretion. *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). These statements show the court considered multiple factors in crafting a sentence in this case. *See State v. Leckington*, 713 N.W.2d 208, 217

(Iowa 2006). We find no abuse of discretion in the court's imposition of consecutive sentences.

Finally, Pearl challenges the court's order requiring him to reimburse the State for his court-appointed attorney. He claims the court erroneously considered the reasonableness of the fees rather than considering his reasonable ability to pay. He claims the court abused its discretion by failing to exercise its discretion. The State asks us to find this challenge premature in light of the fact the court did not order a specific amount of attorney fees to be repaid. The State claims only after a restitution order is entered on the record detailing the amount to be repaid can Pearl assert his challenge. We agree.

A challenge to the court's failure to consider a defendant's ability to pay can only be made after there is a plan of restitution contemplated by Iowa Code section 910.3. *See State v. Jackson*, 601 N.W.2d 354, 357 (Iowa 1999). Until a plan of restitution is complete, the court is not required to give consideration to a defendant's ability to pay. *Id.* When a plan is entered, the defendant can then seek a modification if he is dissatisfied with the amount. *Id.* "Unless that remedy has been exhausted, we have no basis for reviewing the issue." *Id.*; *see also State v. Swartz*, 601 N.W.2d 348, 354 (Iowa 1999). Because the plan of restitution was not complete in the case by the time the notice of appeal was filed, we are unable to consider this issue at this time.

**AFFIRMED.**