**STATE of Iowa, Appellee,**

v.

**Robert L. JACKSON, Appellant.**

No. 98–919.

Supreme Court of Iowa.

Sept. 9, 1999.

Linda Del Gallo, State Appellate Defender, and Tricia A. Johnston, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, Lawrence H. Schultz, County Attorney, and Bruce A. Ingham, Assistant County Attorney, for appellee.

Considered by LARSON, P.J., and CARTER, TERNUS, CADY, and HARRIS,* JJ.

CARTER, Justice.

Defendant Robert Jackson was convicted, on plea of guilty, of the offense of attempted burglary in the third degree, an aggravated misdemeanor. *See* Iowa Code §§ 713.2, 713.6B (1997). He was given an indeterminate two-year prison sentence and required to make restitution. On this appeal he contends that certain portions of the restitution required are contrary to law. He also argues that in ordering restitution the district court failed to exercise its discretion not to order restitution for room and board costs in the county jail and failed to consider defendant's ability to pay the amount of restitution ordered. After reviewing the record and considering the arguments presented, we affirm the judgment of the district court.

## I. *The Illegal Sentence Issue.*

In addition to defendant's prison sentence, the district court ordered him to pay restitution for pecuniary damages, court costs, court-appointed attorney fees, and for room and board jail expenses at the rate of $10 per day. Defendant asserts that he may not be required to pay

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (1999).

for jail expenses incurred during the period of time before his plea of guilty. He bases this argument on language contained in Iowa Code section 356.7(1) (1997), which provides, in part:

> The county sheriff may charge a prisoner who is eighteen years of age or older and who has been convicted of a criminal offense or sentenced for contempt of court for violation of a domestic abuse order for the room and board provided to the prisoner while in the custody of the county sheriff.

Defendant contends that the language "who has been convicted of a criminal offense" limits the recoupment of room and board costs from jail prisoners to the period of time they spent in jail following conviction. We disagree.

■ Certain rules offer guidance in determining the meaning of a statute. If the terms of the statute are explicit, the plain meaning of the language will be applied. *Woodbury County v. City of Sioux City,* 475 N.W.2d 203, 205 (Iowa 1991); *State v. Perry,* 440 N.W.2d 389, 391 (Iowa 1989). We are convinced that the language "who has been convicted of a criminal offense" describes who may be charged rather than the services for which charges may be made. The expenses that may be recouped are identified by the language "room and board provided to the prisoner while in the custody of the county sheriff." This language denotes all room and board while in such custody.

■ If any ambiguity exists concerning the meaning of section 356.7(1), and we believe that it does not, the same interpretation is demanded by our obligation to reach a reasonable interpretation that effectuates rather than defeats the purpose of the legislation. *State v. Sailer,* 587 N.W.2d 756, 761 (Iowa 1998); *Metier v. Cooper Transp. Co.,* 378 N.W.2d 907, 912 (Iowa 1985). It is the purpose of this legislation to assist the county in recovering the costs incurred for housing and feeding prisoners during jail stays. No reason appears to distinguish between time spent in jail before conviction and time spent in jail following conviction in achieving that goal. If the interpretation proposed by defendant was adopted, only a small portion of these costs could be recouped, thereby curtailing the apparent purpose that the statute seeks to accomplish. The district court did not act beyond its authority in requiring restitution based on charges certified by the sheriff for the entire period of defendant's stay in the county jail.

## II. *Whether the Sentencing Judge Failed to Exercise Discretion in Requiring Restitution of Room and Board Costs at the Jail.*

■ During the sentencing hearing the sentencing judge expressed the view that he was required by law to order restitution for defendant's room and board at the jail. Defendant contends that this was an incorrect statement of the law because the imposition of restitution for room and board expenses for a defendant's stay in jail is discretionary. As support for this contention, he relies on the language of section 356.7(1) that provides: "The county sheriff *may* charge a prisoner ... for the room and board provided to the prisoner while in the custody of the county sheriff." (Emphasis added.)

The defendant is correct in contending that, if a court has discretion, a defendant is entitled to have it exercised. *State v. Harrison,* 351 N.W.2d 526, 527 (Iowa 1984). We believe, however, that defendant's effort to establish discretion by the use of the word "may" in section 356.7(1) confuses the obligation of the sheriff to seek restitution, which is discretionary, with the obligation of the court to order restitution of the amounts certified by the sheriff, which is not. Iowa Code section 910.2 requires a sentencing judge to order restitution for court costs "including correctional fees approved pursuant to section 356.7."

As a postscript to the court's restitution order, the following notations were set forth:

| | | |
|---|---|---|
| Restitution for pecuniary damages: | $ | not avail. |
| Restitution for court costs: | $ | 75.00 |
| Restitution for court-appointed attorney's fees: | $ | 542.25 |
| Restitution to Clinton County for room and board jail expenses: | $ | not yet avail. |

We interpret the sentencing order as only requiring restitution for those room and board costs that the sheriff ultimately certifies, not exceeding ten dollars per day. If the sheriff fails to certify any room and board costs, the defendant will have no obligation to make restitution for room and board at the jail.

### III. *Whether the Sentencing Judge Improperly Failed to Consider Defendant's Ability to Pay Restitution.*

As a final issue, defendant contends that in ordering restitution the sentencing judge failed to take into account his ability to pay. In another case decided today, we have established two principles that preclude us from granting relief to defendant in this regard. First, it does not appear in the present case that the plan of restitution contemplated by Iowa Code section 910.3 was complete at the time the notice of appeal was filed. Until this is done, the court is not required to give consideration to the defendant's ability to pay. *State v. Swartz*, 601 N.W.2d 348, 354 (Iowa 1999). Second, Iowa Code section 910.7 permits an offender who is dissatisfied with the amount of restitution required by the plan to petition the district court for a modification. Unless that remedy has been exhausted, we have no basis for reviewing the issue in this court. *Id.*

We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**