# IN THE COURT OF APPEALS OF IOWA

No. 15-0832
Filed February 24, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ZEDEKIAH DOUGLAS KURTZ,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Woodbury County, John C. Nelson,

District Associate Judge.


        A defendant appeals the court's sentencing order requiring him to pay

court-appointed attorney fees. **SENTENCE VACATED IN PART AND**

**REMANDED.**



        Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Kevin Cmelik and Bridget A.

Chambers, Assistant Attorneys General, for appellee.



        Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

Zedekiah Kurtz filed a written guilty plea to fourth-degree theft on March 20, 2015. In the guilty plea, Kurtz acknowledged and waived his right to a fifteen-day delay between the plea and sentencing and asked to be sentenced without delay. He also waived reporting of the proceedings. The court entered a sentencing order on April 20, 2015, which ordered him to serve thirty days in jail, pay a fine of $315.00 plus a 35% surcharge, and pay a $125.00 law enforcement initiative surcharge. The court also ordered Kurtz to pay

> not less than $50.00 monthly and the first payment shall be due within 30 days from the date of this order, until the fine, surcharges, restitution (if ordered) and court costs are paid in full. If payment is late, the Clerk will turn the matter over to the Central Collections Unit to begin collection efforts and a 10% penalty will be added to the unpaid balance.

The sentencing order further provided Kurtz was to pay $400.00 in victim restitution to his brother, it taxed costs to Kurtz, and it also ordered Kurtz to pay restitution for the attorney fees, pursuant to Iowa Code section 815.9 (2013), if he was represented by court-appointed counsel. In a separate filing the next day, Kurtz's court-appointed attorney certified 1.1 hours were spent on the case for a total cost of $66.00.

Kurtz filed a notice of appeal on May 13, 2015, claiming the court erred by requiring him to pay the court-appointed attorney fees and to pay for "crime

victim assistance reimbursement"[1] without first making a determination as to his reasonable ability to pay.[2]

The State challenges Kurtz's right to appeal the court's failure to consider his ability to pay. In support of its assertion, the State cites to *State v. Jose*, where our supreme court stated:

> The amount of restitution is part of the sentencing order and is therefore directly appealable, as are all orders incorporated in the sentence. The ability to pay is an issue apart from the amount of restitution and is therefore not an "order[] incorporated in the sentence" and is therefore not directly appealable as such.

636 N.W.2d 38, 45 (Iowa 2001) (alteration in original) (quoting *State v. Janz*, 358 N.W.2d 547, 549 (Iowa 1984)). Because Kurtz challenges the court's failure to determine his ability to pay, the State claims he cannot raise the issue in a direct appeal. We disagree because we conclude this case is factually dissimilar from *Jose*.

There are two distinct parts that make up a restitution order: the plan of restitution and the restitution plan of payment. *State v. Harrison*, 351 N.W.2d 526, 528 (Iowa 1984). The plan of restitution sets out the amounts and kind of restitution in accordance with the priorities established in section 910.2. *Id*. The restitution plan of payment is the next step that sets out the schedule for the offender to carry out the terms of the plan of restitution. *Id*. In *Jose*, a defendant challenged the total amount of restitution (i.e., the plan of restitution) ordered by

---

[1] We cannot find any order from the court requiring Kurtz to pay crime victim assistance reimbursement. We thus disregard this assertion in Kurtz's brief.

[2] Kurtz also raises this claim through the channel of ineffective assistance of counsel in the event we find the issue not preserved. Because claims challenging a sentencing order need not be first presented to the district court, we discern no error preservation issue and need not address Kurtz's ineffective-assistance claim. *State v. Cooley*, 587 N.W.2d 752, 754 (Iowa 1998) (noting ordinary error preservation principles do not apply when challenging a sentencing error).

the court, but the total amount of restitution was contained in supplemental orders filed after the defendant had filed the notice of appeal. 636 N.W.2d at 43. Because the amount of restitution had not been determined by the time the notice of appeal was filed, the defendant was required to file a petition to modify the supplemental restitution orders under Iowa Code section 910.7 (1999). *Id.* at 45–46.

The *Jose* court noted a challenge to the court's failure to consider a defendant's ability to pay is a challenge to the "restitution plan of payment," not the "plan of restitution." *Id.* at 45 (citing *State v. Swartz*, 601 N.W.2d 348, 354 (Iowa 1999) and *State v. Jackson*, 601 N.W.2d 354, 357 (Iowa 1999)); *see also State v. Van Hoff*, 415 N.W.2d 647, 649 (Iowa 1987) ("A determination of reasonableness . . . is more appropriately based on [a defendant's] ability to pay the current installments than his ability to ultimately pay the total amount due."). In both *Swartz*, 601 N.W.2d at 354, and *Jackson*, 601 N.W.2d at 357, the defendants were not permitted to challenge the court's failure to determine their reasonable ability to pay because the plan of restitution was not complete at the time the notice of appeal was filed and the remedy for a hearing under section 910.7 had not been exhausted.

> In another case decided today, we have established two principles that preclude us from granting relief to defendant in this regard. First, it does not appear in the present case that the plan of restitution contemplated by Iowa Code section 910.3 was complete at the time the notice of appeal was filed. Until this is done, the court is not required to give consideration to the defendant's ability to pay. [*Swartz*, 601 N.W.2d at 354]. Second, Iowa Code section 910.7 permits an offender who is dissatisfied with the amount of restitution required by the plan to petition the district court for a

> modification. Unless that remedy has been exhausted, we have no basis for reviewing the issue in this court. *Id.*

*Jackson*, 601 N.W.2d at 357.

In this case, the sentencing order contained the plan of restitution—the total amount of restitution owed by Kurtz, as supplemented by the court-appointed attorney's certification of her fees—as well as the restitution plan of payment—the monthly payments Kurtz is required to make. We conclude Kurtz is able to appeal the restitution order, including the court's failure to consider his ability to pay, because the plan of restitution and the restitution plan of payment were part of the sentencing order from which Kurtz had a right of appeal. *See Janz*, 358 N.W.2d at 549.

Under Iowa Code section 910.2(1), the court is required to order restitution to the victims of the crime and to the clerk of court for fines, penalties, and surcharges. *See State v. Wagner*, 484 N.W.2d 212, 215–16 (Iowa Ct. App. 1992) ("The restitution ordered to the victim is made without regard to the defendant's ability to pay."). However, restitution is ordered for crime victim assistance reimbursement, for public agencies, for court costs including correctional fees, for court-appointed attorney fees, for contribution to a local anticrime organization, and for the medical assistance program only to the extent the defendant is reasonably able to pay. Iowa Code § 910.2(1). "A defendant's reasonable ability to pay is a constitutional prerequisite for a criminal restitution order such as that provided by Iowa Code chapter 910." *Van Hoff*, 415 N.W.2d at 648; *see also Goodrich v. State*, 608 N.W.2d 774, 776 (Iowa 2000) ("Constitutionally, a court must determine a criminal defendant's ability to pay

before entering an order requiring such defendant to pay criminal restitution pursuant to Iowa Code section 910.2. . . . The 'reasonably able to pay' requirement enables section 910.2 to withstand constitutional attack."). If the defendant is not able to pay all or part of these expenses, the court may require community service in lieu of payment. Iowa Code § 910.2(2).

Thus, before ordering payment for court-appointed attorney fees and court costs, the court must consider the defendant's ability to pay. "A defendant who seeks to upset a restitution order, however, has the burden to demonstrate either the failure of the court to exercise discretion or an abuse of that discretion." *Van Hoff*, 415 N.W.2d at 648. In this case, there is no indication in the district court's sentencing order that it considered Kurtz's ability to pay when it ordered him to pay $50.00 per month in restitution for the court costs and the court-appointed attorney fees.[3] *State v. Ayers*, 590 N.W.2d 25, 27 (Iowa 1999) ("When a sentencing court has discretion, it must exercise that discretion. Failure to exercise that discretion calls for a vacation of the sentence and a remand for resentencing." (citation omitted)). Because we cannot determine whether the

---

[3] The State claims Kurtz waived his right to appeal the sentencing order because he waived reporting of the sentencing hearing and failed to provide us with a record on appeal through either a bill of exceptions under Iowa Rule of Criminal Procedure 2.25 or a statement of proceedings under Iowa Rule of Appellate Procedure 6.806. The State claims the court may have considered Kurtz's ability to pay at the sentencing hearing, and because we have no record of what occurred at the hearing, we cannot determine whether the court abused its discretion. In light of our supreme court's holding in *State v. Thompson*, 856 N.W.2d 915, 921 (Iowa 2014), we conclude where the sentencing hearing was not reported and the defendant waived reporting, it is incumbent on the district court to ensure its sentencing order shows it exercised its discretion as required under section 910.2 if the district court sets the restitution plan of payment in the sentencing order. If the sentencing order contains the restitution plan of payment but does not contain the information required under section 901.2, we will vacate that portion of the sentence and remand for a new hearing. The circumstances identified in the case of *State v. Thacker*, 862 N.W.2d 402, 410 (Iowa 2015), are not applicable here.

court exercised its discretion when it ordered restitution for the court costs and the court-appointed attorney fees, we vacate that portion of the sentencing order and remand for a determination of Kurtz's reasonable ability to pay.

**SENTENCE VACATED IN PART AND REMANDED.**