## IN THE COURT OF APPEALS OF IOWA

No. 15-1351
Filed June 15, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DIANE CLARA DANN,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Floyd County, Peter B. Newell, District Associate Judge.

Diane Dann appeals from the restitution imposed as a part of her sentence for assault causing bodily injury. **APPEAL DISMISSED.**

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**DANILSON, Chief Judge.**

Diane Dann appeals from the restitution imposed as part of her sentence for assault causing bodily injury, in violation of Iowa Code sections 708.1(2) and 708.2(2) (2013). The court imposed a sentence of thirty days with all but two days suspended and ordered Dann to pay a fine, statutory surcharge, probation enrollment fees, jail fees, and costs.

Dann contends the court erred in ordering her to pay restitution without first making a determination as to her reasonable ability to pay. *See* Iowa Code § 910.2(1); *State v. Van Hoff*, 415 N.W.2d 647, 648 (Iowa 1987) ("A defendant's reasonable ability to pay is a constitutional prerequisite for a criminal restitution order such as that provided by Iowa Code chapter 910."). However, Dann is "not permitted to challenge the court's failure to determine [her] reasonable ability to pay because the plan of restitution was not complete at the time the notice of appeal was filed and the remedy for a hearing under section 910.7 ha[s] not been exhausted." *State v. Kurtz*, No. 15-0832, 2016 WL 743098, at *2 (Iowa Ct. App. Feb. 24, 2016) (citing *State v. Swartz*, 601 N.W.2d 348, 354 (Iowa 1999), and *State v. Jackson*, 601 N.W.2d 354, 357 (Iowa 1999)). Dann's probation officer or office is required to consider "the offender's income, physical and mental health, age, education, employment, and family circumstances" before formulating a payment plan and submitting the same to the court for the court's approval. *See* Iowa Code § 910.4(2).

Because the restitution plan of payment was not entered prior to the appeal and Dann challenges the court's failure to consider her ability to pay, the challenge is not directly appealable. *State v. Jose*, 636 N.W.2d 38, 45 (Iowa

2001) ("The ability to pay is an issue apart from the amount of restitution and is therefore not an 'order[] incorporated in the sentence' and is therefore not directly appealable as such.").  Thus, we  dismiss the appeal.

**APPEAL DISMISSED.**