**IN THE COURT OF APPEALS OF IOWA**

No. 16-0669
Filed February 8, 2017

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**MICHAEL J. ALEXANDER, JR.,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.

　　　　The defendant appeals from a restitution order entered after he pled guilty to willful injury and possession of a firearm by a felon. **APPEAL DISMISSED.**

　　　　Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

　　　　Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

　　　　Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**POTTERFIELD, Judge.**

Michael Alexander appeals from a restitution order after he pled guilty to willful injury and possession of a firearm by a felon. Alexander argues that the district court erred in finding he was reasonably able to pay restitution. We dismiss the appeal.

## I. Background Facts and Proceedings

On December 15, 2015, Alexander was charged by trial information with one count of willful injury and one count of possession of a firearm by a felon. On February 29, 2016, Alexander pled guilty to both charges, and waived use of a presentence investigation, time for sentencing, and the right to file a motion in arrest of judgment. During the proceedings, Alexander submitted a financial affidavit indicating that he earned approximately $2400 per month and listing monthly obligations as $550 in rent.[1] The court accepted the guilty pleas and sentenced Alexander on the same day.

The sentence included a prison term not to exceed five years, a suspended fine of $750, plus a thirty-five percent surcharge. The court also waived court-appointed attorney fees. In the restitution order, the court ordered Alexander to pay pecuniary damages to the victims for an amount to be "determined at a later time" and court costs. The record indicates the court costs are approximately $441.58. In the alternative, the court provided for community service to pay restitution. Alexander appeals the restitution order.

---

[1] We note that Alexander wrote "child support" in the monthly obligation section but failed to include an amount. It is unclear whether the "$550" monthly obligation is for rent, child support, or a combination of both.

## II.  Standard of Review and Error Preservation

We review restitution orders for correction of errors at law.  *State v. Jose*, 636 N.W.2d 38, 43 (Iowa 2001).  We consider whether the district court's fact-findings lack substantial evidentiary support and whether the court correctly applied the law.  *State v. Bonstetter*, 637 N.W.2d 161, 165 (Iowa 2001).  "Evidence is substantial when a reasonable mind would accept it as adequate to reach a conclusion."  *Id.* (quoting *Hasselman v. Hasselman*, 596 N.W.2d 541, 545 (Iowa 1999)).

## III. Discussion

Alexander argues the district court abused its discretion when it found he had a reasonable ability to pay restitution.  He also asserts the court violated his due process rights.[2]  The State argues that the district court's restitution order is not complete and, therefore, not appealable.  Alternatively, the State asserts the court did not abuse its discretion because the record was sufficient to support the order.  We agree the restitution order was incomplete, and Alexander must either wait for a complete order to appeal the court's findings or wait until the trial court has considered a modification to appeal the total amount of restitution.

Under Iowa Code section 910.2(1) (2015), the court is required to order restitution for victims and to the clerk of court for fines, penalties, and surcharges without determining the defendant's ability to pay.  *See State v. Kurtz*, 878 N.W.2d 469, 472 (Iowa Ct. App. 2016); *State v. Wagner*, 484 N.W.2d 212, 215–

---

[2] Alexander argues "he has suffered a due process violation of notice and the right to be heard."  However, Alexander failed to elaborate beyond this assertion. The record does not indicate a due process violation, and we decline to address Alexander's due process argument further.

16 (Iowa Ct. App. 1992). Restitution for crime-victim-assistance reimbursement, public agencies, court costs, court-appointed attorney fees, contributions to local anticrime organizations, and contributions to medical-assistance programs are limited to the defendant's reasonable ability to pay. Iowa Code § 910.2(1); *See also Kurtz*, 878 N.W.2d at 472. Alternatively, the court may require community service in lieu of payment. Iowa Code § 910.2(2).

A restitution order contains two separate parts: the plan of restitution, and the plan of payment. *State v. Harrison*, 351 N.W.2d 526, 528 (Iowa 1984); *State v. Johnson*, 887 N.W.2d 178, 183 (Iowa Ct. App. 2016); *Kurtz*, 878 N.W.2d at 471. The plan of restitution outlines the category and amounts of the restitution to be paid. *Johnson*, 887 N.W.2d at 183. The plan of payment outlines the payment schedule to complete the terms of the plan of restitution. *Id.*

Generally, a restitution order is only appealable when the amount of restitution has been determined completely. In *State v. Jackson*, for example, the court issued an incomplete restitution order after the defendant pled guilty to attempted burglary. 601 N.W.2d 354, 357 (Iowa 1999). The restitution order required the defendant to pay court costs, court-appointed attorney fees, and damages in an amount to be determined later. *Id.* The defendant argued that the restitution order was an abuse of discretion because the court failed to consider the defendant's ability to pay. *Id.* The court upheld the district court's order, explaining:

> [W]e have established two principles that preclude us from granting relief to defendant in this regard. First, it does not appear in the present case that the plan of restitution contemplated by Iowa Code section 910.3 was complete at the time the notice of appeal was filed. Until this is done, the court is not required to give

> consideration to the defendant's ability to pay. Second, Iowa Code section 910.7 permits an offender who is dissatisfied with the amount of restitution required by the plan to petition the district court for a modification. Unless that remedy has been exhausted, we have no basis for reviewing the issue in this court.

*Id.* (citations omitted); *see Jose*, 636 N.W.2d at 45 ("The ability to pay is an issue apart from the amount of restitution and is therefore not an 'order[] incorporated in the sentence' and is therefore not directly appealable as such."); *see also State v. Swartz*, 601 N.W.2d 348, 354 (Iowa 1999). Thus, *Jackson* and *Swartz* require a complete restitution order before a defendant may raise the ability-to-pay issue on appeal.

In *Kurtz*, the defendant filed a written guilty plea to fourth-degree theft. 878 N.W.2d at 470. The sentencing order required the defendant to pay victim restitution, costs, and attorney fees, specifying the total amounts. *Id.* at 471. Without considering the defendant's ability to pay, the sentencing order also directed the defendant to pay fifty dollars per month to satisfy the restitution requirement. *Id.* at 472. A panel of our court held that the restitution order was complete—and appealable—because the complete plan of restitution *and* the plan of payment were included in the sentencing order, unlike the orders discussed in *Jackson* and *Swartz*. *Id.* at 473. The case was remanded so the district court could determine the defendant's ability to pay. *Id.*

Our rule regarding the ability to appeal a restitution order can be summarized as follows: A restitution order is not appealable until it is complete; the restitution order is complete when it incorporates both the total amounts of the plan of restitution and the plan of payment. A defendant must also petition the court for a modification before they challenge the amount of restitution. If the

above requirements are met, our Constitution requires the court to make a finding of the defendant's reasonable ability to pay.[3]

With the above in mind, we turn to the merits of Alexander's appeal. On February 29, 2016, the district court issued a sentencing order following Alexander's guilty plea. In the sentencing order, the court made a "finding that the defendant is reasonably able to pay." The restitution section stated Alexander shall pay court costs and pecuniary damages. The pecuniary damages were for an amount to be "determined at a later time." The court suspended fines and surcharges, waived court-appointed attorney's fees, and included a statement within the restitution section of the sentencing order:

> Per the restitution plan of payment as a condition of probation arranged by Department of Corrections consistent with Chapter 26, Iowa Court Rules, including community service if deemed appropriate. If the Department of Corrections is unable to set up a plan of payment prior to the expiration of 30 days, it is expected that the Defendant will pay a minimum of $50.00 per month with the first payment beginning on the 30th day after the entry of the judgment and continuing every 30 days thereafter until the Department of Corrections is able to set up an alternative plan with the Defendant.
>
> The Court finds upon inquiry, opportunity to be heard and a review of the case file, that the Defendant's reasonable ability to pay attorney fees shall be the amount actually submitted by court appointed counsel or $0.00, whichever is less.

After reviewing the record, we believe the restitution order was incomplete. Here, as in *Jackson* and *Swartz*, the court expressly reserved the amounts to be

---

[3] "A defendant's reasonable ability to pay is a constitutional prerequisite for a criminal restitution order such as that provided by Iowa Code chapter 910." *State v. Van Hoff*, 415 N.W.2d 647, 648 (Iowa 1987); *see also Goodrich v. State*, 608 N.W.2d 774, 776 (Iowa 2000) ("Constitutionally, a court must determine a criminal defendant's ability to pay before entering an order requiring such defendant to pay criminal restitution pursuant to Iowa Code section 910.2. . . . The 'reasonably able to pay' requirement enables section 910.2 to withstand constitutional attack.").

included in the plan of restitution for a later determination. Although the payment plan was specified, the court is not required to determine Alexander's ability to pay until the plan of restitution is final. The order is incomplete and not directly appealable.

**APPEAL DISMISSED.**