# IN THE COURT OF APPEALS OF IOWA

No.15-1280
Filed June 7, 2017

**ALF FREDDY CLARK,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Robert Blink, Judge.


        Alf Clark appeals from the denial of his motions challenging restitution.
**AFFIRMED.**



        Randall L. Jackson of the Law Office of Randall L. Jackson, Des Moines,
for appellant.

        Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney
General, for appellee State.



        Considered by Danilson, C.J., and Bower, J., and Mahan, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**DANILSON, Chief Judge.**

Alf Clark appeals from the denial of his motion challenging restitution and the denial of his identical motion filed in a preexisting postconviction-relief (PCR) case. Clark contends the district court abused its discretion in finding he had a reasonable ability to pay restitution, in failing to find excessive amounts of money had been withheld under the standards applied to enforcement of civil judgments, and in failing to invalidate the restitution order because it did not contain a finding Clark had a reasonable ability to pay restitution. We affirm the ruling of the district court.

**I. Background Facts & Proceedings.**

Following a May 2000 jury trial, Clark was convicted of attempt to commit murder and terrorism with intent (now known as intimidation with a dangerous weapon), and was sentenced to a twenty-five-year and a ten-year term of imprisonment, to run concurrently. As part of the August 4, 2000 order imposing imprisonment and fine, Clark was ordered to "reimburse the State for attorney's fees to the extent Defendant is reasonably able to do so." A supplemental order was entered on September 26, 2000, ordering Clark to pay restitution for fines, penalties, surcharges, and court costs. The restitution plan was filed November 15, 2000, providing "[p]ayments will consist of [twenty] percent of all credits to [Clark's] institutional account." On September 25, 2001, a supplemental order was filed ordering Clark to pay an additional $3939.50 in attorney fees "in accordance with the restitution plan and plan of repayment." The corresponding restitution plan was filed October 29, 2001, and again stated payments would consist of twenty percent of all credits to Clark's institutional account. On

July 24, 2002, a modified supplemental order was filed increasing the amount of restitution owed for attorney fees to a total of $5028.50. Again, the corresponding restitution plan ordered that the payments would consist of twenty percent of Clark's institutional account credits.

Clark made the requisite restitution payments for approximately fifteen years until December 19, 2014, when he filed motions challenging restitution and requesting a restitution evidentiary hearing in both the underlying criminal case and a preexisting PCR case.[1] Clark filed amended motions on February 11, 2015. A restitution hearing was held on April 27, 2015. The district court subsequently entered identical orders denying Clark's motions on July 2, 2015 (PCR case), and May 12, 2016 (criminal case). Clark now appeals the district court's findings that he had a reasonable ability to pay restitution, the ordered restitution was not excessive, and the restitution order was not invalid.

## II. Standard of Review.

Our review is for correction of errors at law. *State v. Hagen*, 840 N.W.2d 140, 144 (Iowa 2013). "In reviewing a restitution order 'we determine whether the court's findings lack substantial evidentiary support, or whether the court has not properly applied the law.'" *Id.* (quoting *State v. Bonstetter*, 637 N.W.2d 161, 165 (Iowa 2001)).

---

[1] We note the motion regarding restitution is not properly filed in the PCR action and is appropriately raised and addressed on direct appeal or in a chapter 910 proceeding. *See* Iowa Code § 822.2(1)(g) (2014); *Earnest v. State*, 508 N.W.2d 630, 633 (Iowa 1993) ("Any alleged errors relating to restitution must be resolved on direct appeal or in a chapter 910 proceeding.").

**III. Analysis.**

The district court summarized Clark's challenges to the restitution in its order denying the motions:

> Mr. Clark requests that his restitution obligation be set aside or reduced because of the delay in the entry of the supplemental restitution orders and because of his imprisonment. There is no prior finding of Mr. Clark's reasonable ability to pay the restitution in the record. . . . [h]e presently earns between $.40 and $.50 per hour for institutional labor. He works about twelve hours per month. In sum, his arguments are that he does not have a reasonable ability to pay the restitution and that the restitution orders should be set aside because of the timeliness of their entry in relation to his convictions.

The court then held:

> [T]he timing of the restitution orders is not a basis for dismissing them. As long as the defendant is given notice and an opportunity to challenge the amounts and be heard as to his reasonable ability to pay the sums, fundamental fairness has been achieved. Secondly, the mere fact that the defendant is incarcerated and will be for an extended period does not absolve him of the ability to make the required restitution payments. . . . There is nothing in the record to indicate that an unfair or unreasonable percentage of his prison earnings are being used to pay the ordered restitution.

On appeal, Clark asserts the district court abused its discretion in finding he has a reasonable ability to pay and erred in failing to invalidate the restitution order because there was no previous finding regarding Clark's reasonable ability to pay on the record.[2]

"[R]estitution is ordered . . . for court costs including correctional fees [and] for court-appointed attorney fees . . . only to the extent the defendant is reasonably able to pay." *State v. Kurtz*, 878 N.W.2d 469, 471 (Iowa Ct. App.

---

[2] Clark also contends the court erred in failing to find excessive amounts had been withheld pursuant to the standards applied to enforcement of civil judgments. However, this issue was not raised before or ruled upon by the district court and is therefore not preserved for our review. *See Lamasters v. State*, 821 N.W.2d 856, 863 (Iowa 2012).

2016) (citing Iowa Code § 910.2(1)). "A defendant's reasonable ability to pay is a constitutional prerequisite for a criminal restitution order such as that provided by Iowa Code chapter 910." *State v. Van Hoff*, 415 N.W.2d 647, 648 (Iowa 1987). "A defendant bears the burden of proof when challenging a restitution order." *State v. Blank*, 570 N.W.2d 924, 927 (Iowa 1997). With respect to the court's finding regarding a reasonable ability to pay, Clark "has the burden to demonstrate either the failure of the court to exercise discretion or an abuse of that discretion." *Kurtz*, 878 N.W.2d at 473 (citation omitted).

First, Clark contends the district court abused its discretion in determining he has a reasonable ability to pay. Clark argues he does not have a reasonable ability to pay the restitution because he is incarcerated. Clark also asserts that because the sentencing court suspended the assessed fines "due to the defendant's incarceration," it made a finding that he did not have a reasonable ability to pay.

However, in the same sentencing order, the district court imposed a requirement that Clark pay restitution "to the extent defendant is reasonably able to do so." This indicates the court correctly noted the requirement that Clark be found reasonably able to pay restitution. The subsequent orders regarding restitution did not require Clark to pay an excessive amount of restitution and only required restitution to be paid from twenty percent of Clark's institutional account credits. Clark paid the restitution as ordered without objection for nearly fifteen years. We conclude Clark has not shown the district court abused its discretion in determining he has a reasonable ability to pay the restitution. *See Van Hoff*, 415 N.W.2d at 649 ("A determination of reasonableness, especially in

a case of long-term incarceration, is more appropriately based on the inmate's ability to pay the current installments than his ability to ultimately pay the total amount due.").

Clark also contends the district court erred in failing to invalidate the restitution order because it did not include a specific finding of Clark's reasonable ability to pay. Clark maintains he is entitled to the return of all funds paid toward restitution due to this error. However, Clark cites no support for this proposed remedy. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."). Rather, the cases cited by Clark order remand for the district court's consideration of the reasonable ability to pay. *See State v. Johnson*, 887 N.W.2d 178, 184 (Iowa Ct. App. 2016); *State v. Tanner*, No. 14-1963, 2016 WL 4384468, at *5 (Iowa Ct. App. Aug. 17, 2016); *Kurtz*, 878 N.W.2d at 473.

The State has succinctly explained the applicable law for prisoners and their obligation to pay restitution:

> Separate statutory provisions require prisoners like Clark to pay restitution with deductions from their institutional accounts. "An offender committed to a penal or correctional facility of the state shall make restitution while placed in that facility." Iowa Code § 910.5(1)(c). The Department of Corrections enforces the prisoner's obligation by deducting money from his or her institutional account. *Id.* § 904.702(1) ("The director shall deduct from the inmate account an amount established by the inmate's restitution plan of payment."). And the amount to be deducted under the restitution plan of payment circles back to the inmate's reasonable ability to pay, which the inmate can challenge any time during the period of incarceration. *See id.* § 910.7(1). This statutory structure bypasses the general civil debtor rules in favor of allowing the district court to set an inmate's payment plan in accordance with his or her reasonable ability to pay.

In this case, the district court granted Clark's request for a restitution hearing, considered or reconsidered Clark's reasonable ability to pay, and held Clark's incarceration does not prevent him from having the ability to make the required restitution payments. On this record, we cannot conclude the district court has erred.[3]

### IV. Conclusion.

We find Clark has not established the district court abused its discretion in determining he has a reasonable ability to pay the restitution, and we conclude the court did not err in denying Clark's request to invalidate the restitution order and return all funds paid toward restitution. We therefore affirm.

**AFFIRMED.**

---

[3] We also note the conclusion section of the appellant's brief includes a general ineffective-assistance claim: "[Clark] asserts that he received ineffective assistance of counsel and was prejudiced thereby for the reasons stated herein and within the underlying action." However, because no supporting argument or authority is included, we will not address this issue on appeal. *See* Iowa R. App. P. 6.903(2)(g)(3). Clark also raises a variety of other issues in the body of his brief such as an equal-protection claim, but the issues were not preserved for our review because they were not addressed by the district court. *See Lamasters*, 821 N.W.2d at 863.