**IN THE COURT OF APPEALS OF IOWA**

No. 16-1968
Filed August 2, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DESMOND WAYNE CHRETIEN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, William P. Kelly,

Judge.

        Desmond Chretien appeals a probation revocation order.  **AFFIRMED.**

        Charles J. Kenville of Kenville Law Firm, P.C., Fort Dodge, for appellant.

        Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant

Attorney General, for appellee.

        Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Desmond Chretien appeals a probation revocation order. He argues the district court (A) used a fixed policy and only considered one factor in sentencing him to prison and (B) failed to consider his reasonable ability to pay restitution.

## I.   *Background Proceedings*

Chretien pled guilty to third-degree theft. *See* Iowa Code §§ 714.1(1), 714.2(3) (2015). Judgment was deferred and Chretien was placed on probation for one year.

Within three-and-a-half months, the department of correctional services filed a report of probation violation based on a variety of infractions, including Chretien's new arrest on a charge of second-degree theft. An addendum noted he failed to obtain employment. Chretien stipulated to violating the terms of probation. The district court extended his probation and ordered him to the "Fort Des Moines Correctional Facility pending Probation Officer's discretion." Judgment for third-degree theft was entered on the new criminal charge, and Chretien received a two-year suspended sentence and one year of probation. His probation on the original third-degree theft charge was not revoked.

Within three months of this order, the department filed a second report of violation based on an arrest for third-degree burglary. Chretien again stipulated to violating the terms of his probation. The district court ordered him to remain in jail until space became available at the Fort Des Moines facility and required him "be equipped and comply with GPS monitoring." Chretien pled guilty to this third-degree charge and was placed on probation for two years. Again, his probation on the original third-degree theft charge was not revoked.

Less than three weeks after this order was entered, the correctional facility applied to have Chretien removed based on GPS data indicating he went to three "private residences when he was signed out to be at work only." The district court ordered his transfer to jail. A third report of probation violation was filed. Chretien stipulated to the violation. This time, the district court ordered his probation revoked, adjudged him guilty of third-degree theft, and sentenced him to prison for a term not exceeding two years.[1] Chretien appealed.

## II. Analysis

### A. Fixed Policy, Single Sentencing Factor

A district court should exercise its sentencing discretion "without application of a personal, inflexible policy relating to only one consideration." *State v. Hildebrand*, 280 N.W.2d 393, 397 (Iowa 1979). Chretien cites the following statements by the district court in support of his contention that the court relied on a fixed policy and a single factor: (1) "[T]ypically we have an escalation of how we try to deal with people," (2) "I typically draw the limit after the first time," and (3) "The next time I see you, it'll be very troubling because if you have probation violations, there's typically not much we can do other than

---

[1] When judgment is deferred, no judgment is entered and no sentence is ordered, and the defendant is placed on probation. *See* Iowa Code § 907.3(1)(a). Upon satisfaction of the conditions of probation and payment of fees, the defendant is discharged from probation without entry of judgment. *Id.* § 907.3(1)(c). Upon finding a probation violation, the court may revoke the deferred judgment and impose sentence. *Id.* § 907.3(1)(b). Revoking the deferred judgment requires a record of judgment of conviction and imposition of sentence because judgment and sentence had not been previously ordered. *See id.* § 901.5(1)-(5); *see also id.* § 908.11(4). By contrast, a court may suspend the sentence and place the defendant on probation after entry of judgment and at the time of or after sentencing. *Id.* §§ 901.5(3), 907.3(3).

prison." These statements must be viewed in the context of the prosecutor's argument in favor of prison time.

The prosecutor asserted Chretien had "exhausted all services available to him in community-based corrections" and Chretien's request "to release him and place him on less supervision than he ha[d] been on" before did not "make sense." He opined, "[T]his defendant just will not be successful on community-based corrections."

The court responded with the comment, "[T]ypically we have an escalation of how we try to deal with people, to give them a chance to make amends, do it right, and get back into community." The court noted Chretien "had this opportunity," and he "failed twice" in the structured setting of the Fort Des Moines facility. The court continued, "I typically draw the limit after the first time because, unfortunately, the Fort is one of our more structured programs that exist. And if guys can't make it there, they typically aren't going to make it anywhere on community-based supervision." The court considered "all of the good factors . . . going in [Chretien's] favor" but ultimately relied on Chretien's "past behavior" and the need "to protect the community from further offenses."

The court's written sentencing order underscores the court's reliance on multiple, relevant factors. The court checked boxes indicating consideration of (1) the nature and circumstances of the crime, (2) the protection of the public from future offenses, (3) the defendant's criminal history, (4) the maximum opportunity for rehabilitation, and (5) the defendant's employment. We conclude the district court did not use a fixed policy or consider a single sentencing factor in revoking probation and imposing the original sentence.

Our conclusion is not altered by the court's statements at the guilty plea hearing on the burglary charge underlying the second probation violation. There, the court stated, "The next time I see you, it'll be very troubling because if you have probation violations, there's typically not much we can do other than prison." Contrary to Chretien's assertion that this statement evinces the court's reliance on a fixed policy, the statement reflects the reality that Chretien accumulated multiple probation violations in a short period of time. This was an appropriate consideration.

### B.    Restitution—Reasonable Ability to Pay

"[R]estitution is ordered for . . . court-appointed attorney fees . . . only to the extent the defendant is reasonably able to pay." *State v. Kurtz*, 878 N.W.2d 469, 472 (Iowa Ct. App. 2016); *accord* Iowa Code § 910.2(1).

The district court ordered Chretien to make restitution of $50 towards his attorney-fee obligation. Chretien contends that, in imposing the obligation, the court failed to consider his reasonable ability to pay.

The district court asked Chretien's attorney about his "client's ability to pay restitution of court-appointed fees." Counsel responded, "In light of the court's sentence, . . . it's going to be fairly minimal." Based on his term of incarceration, he suggested Chretien did not have "any meaningful ability to be able to repay the State Public Defender for attorney fees, at least for the foreseeable future." However, counsel also noted Chretien was "previously employed . . . doing landscaping" and, although there was a period of time in which "his supervising officer did not wish for him to return to that employment," "ultimately he . . . would be then allowed to return to it."

The district court found Chretien to be "young, intelligent, and in the prime of [his] life," and "capable of work." The court also noted Chretien wanted "to become a mechanic," "[t]hose guys make really good money," and he could "earn an honest living." The written order revoking probation and imposing the original sentence reaffirmed Chretien's ability to pay restitution and stated "based on his age, employability, and health," Chretien was "capable of entering into a restitution plan." We conclude the court considered Chretien's reasonable ability to pay attorney fees before imposing the $50 restitution obligation.[2]

We affirm the district court's decision to revoke probation and impose the original sentence for third-degree theft as well as the court's imposition of a $50 restitution obligation for attorney fees.

**AFFIRMED.**

---

[2] The court's characterization of the obligation as a "pretty good bargain" does not detract from the findings on Chretien's ability to pay.