# IN THE COURT OF APPEALS OF IOWA

No. 17-1351
Filed November 21, 2018

**STATE OF IOWA,**
  Plaintiff-Appellee,

**vs.**

**STEPHON TRAVELL CURRY,**
  Defendant-Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Paul D. Miller,
Judge.

The defendant challenges the sentence imposed upon his conviction for
robbery in the second degree. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Brenda J. Gohr, Assistant
Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin R. Cmelik, Israel J. Kodiaga, and
Kelli A. Huser (until withdrawal), Assistant Attorneys General, for appellee.

Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**McDONALD, Judge.**

Stephon Curry pleaded guilty to robbery in the second degree, in violation of Iowa Code sections 711.1(1)(b) and 711.3 (2017). The district court sentenced Curry to an indeterminate term of incarceration not to exceed ten years with a mandatory minimum term of seven-tenths of the maximum sentence. The district court also ordered Curry to pay victim restitution, court costs, and attorney's fees. With respect to court costs, the amount was not yet determined, and the district court did not determine whether the defendant had the reasonable ability to pay the court costs. With respect to the reimbursement of attorney's fees, the district court found Curry had the reasonable ability to pay $0; in other words, the district court found Curry did not have the reasonable ability to pay attorney fees in any amount. In this direct appeal, Curry challenges the district court's exercise of discretion in imposing sentence and the district court's failure to determine whether Curry was reasonably able to pay court costs.

We first address Curry's challenge to the district court's exercise of discretion in imposing sentence. We review a sentence within the statutory limits for an abuse of discretion. *See State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015). We will find an abuse of discretion only when the grounds for a decision were clearly unreasonable or clearly untenable. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

The district court did not abuse its discretion in imposing Curry's sentence. In imposing sentence, the district court should consider all information pertinent to the sentencing decision, including, but not limited to, "the nature of the offense, the attending circumstances, defendant's age, character and propensities and

chances of his [or her] reform." *State v. August*, 589 N.W.2d 740, 744 (Iowa 1999) (quoting *State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979)). The record shows the district court considered pertinent information and no improper information in imposing sentence on the defendant. Curry does not dispute this, but he claims the court did not give "adequate consideration" to mitigating factors. For example, Curry claims the district court should have placed greater weight on the fact Curry had finished high school while incarcerated, had recently become a father, and hoped to change. These facts were before the district court, but the district court is allowed to operate "according to the dictates of [its] own conscience." *Formaro*, 638 N.W.2d at 725. The district court is not required to acknowledge each claim of mitigation urged by the defendant. Ultimately, "[w]hile the defendant may wish the district court would have reached a different result in considering the relevant sentencing factors, mere disagreement with the court's sentencing decision is not a ground for relief." *State v. Worby*, No. 17-1832, 2018 WL 4360995, at *1 (Iowa Ct. App. Sept. 12, 2018). Curry has failed to establish the district court abused its discretion in imposing sentence.

Curry next challenges the district court's failure to determine whether he had the reasonable ability to pay court costs. In his brief, Curry argues the district court "had an affirmative obligation to preemptively make a determination regarding his reasonable ability to pay" court costs even though the amount of courts costs was not yet determined. Review of restitution orders are for the correction of errors of law. *See State v. Jose*, 636 N.W.2d 38, 43 (Iowa 2001).

The district court did not commit legal error. A reasonable-ability-to-pay determination "is a constitutional prerequisite for a criminal restitution order such

as that provided by Iowa Code chapter 910." *State v. Van Hoff*, 415 N.W.2d 647, 648 (Iowa 1987). Until the amount of restitution is set, however, "the [district] court is not required to give consideration to the defendant's ability to pay." *State v. Jackson*, 601 N.W.2d 354, 357 (Iowa 1999). *State v. Brown*, No. 16-1118, 2017 WL 2181568, at *4 (Iowa Ct. App. May 17, 2017) (holding appeal premature where restitution order did not include a specific amount of pecuniary damages); *State v. Kemmerling*, No. 16-0221, 2016 WL 5933408, at *1 (Iowa Ct. App. Oct. 12, 2016) ("Because the total amount of restitution had not yet been determined by the time the notice of appeal was filed any challenge to the restitution order in this case is premature."). Indeed, we have held it is an abuse of discretion to determine the defendant's reasonable ability to pay where there is insufficient record to determine the amount of restitution owed. *See State v. Campbell*, No. 15-1181, 2016 WL 4543763, at *4 (Iowa Ct. App. Aug. 31, 2016) ("We believe a sentencing court cannot determine a defendant's ability to pay restitution without, at a minimum, an estimate of the total amount of restitution, and we find the sentencing court's determination of Campbell's ability to pay was premature and lacked evidentiary support."). The district court was correct in not determining Curry's reasonable ability to pay court costs when the costs were undetermined at the time of sentencing.

For the above stated reasons, we affirm the defendant's sentence.

**AFFIRMED.**