# IN THE COURT OF APPEALS OF IOWA

No. 18-0780
Filed November 21, 2018

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**CLARENCE M. FORD, III,**
　　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Stuart P. Werling, Judge.

A defendant challenges the district court's finding that he is reasonably able to pay restitution. **SENTENCE VACATED IN PART AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**McDONALD, Judge.**

Clarence Ford III pleaded guilty to sexual abuse in the third degree. The district ordered Ford to an indeterminate term of incarceration not to exceed ten years and ordered Ford to pay for court-appointed-counsel's fees in an amount not to exceed $1800. The sentencing order stated Ford had the reasonable ability to pay his court-appointed-counsel's fees. On appeal, Ford challenges the district court's determination that he had the reasonable ability to pay his court-appointed-counsel's fees.

We first determine whether the issue is properly before the court. The State contends Ford's challenge is premature and cannot be considered until both the plan of restitution and restitution plan of payment are completed. *See State v. Jose*, 636 N.W.2d 38, 45-46 (Iowa 2001) ("The ability to pay is an issue apart from the amount of restitution and is therefore not an 'order incorporated in the sentence' and is therefore not directly appealable as such." (quoting *State v. Janz*, 358 N.W.2d 547, 549 (Iowa 1984)); *State v. Jackson*, 601 N.W.2d 354, 357 (Iowa 1999) (determining a court is not required to consider a defendant's ability to pay until plan of restitution is completed); *State v. Swartz*, 601 N.W.2d 348, 354 (Iowa 1999) (concluding a defendant's ability to pay cannot be assessed until entry of a plan of restitution is entered). We disagree. As a general rule, the defendant cannot challenge on direct appeal the district court's plan of restitution where the plan of restitution was not final at the time the appeal was taken. *See State v. Kurtz*, 878 N.W.2d 469, 471–72 (Iowa Ct. App. 2016) (discussing *Jose* and explaining "the defendant was required to file a petition to modify the supplemental restitution orders" because the amount of restitution was not final). As a general

rule, the defendant cannot challenge on direct appeal the district court's failure to determine the defendant's reasonable ability to pay where there is no plan of restitution or restitution plan of payment. *See State v. Campbell*, No. 15-1181, 2016 WL 4543763, at *3 (Iowa St. App. Aug. 31, 2016). However, where, as here, the sentencing order contains a finding regarding the defendant's ability to pay restitution, the finding is incorporated into the sentence and may be reviewed on direct appeal. *See id.* ("More importantly, the sentencing court in this matter actually determined Campbell had the reasonable ability to pay restitution. Because the court made that finding in the written sentencing order, it is 'incorporated in the sentence,' and we may review it on appeal." (citation omitted)).

Having determined we can review the challenge to the sentencing order, we agree with Ford the district court erred. In the sentencing hearing, the district court never made a finding that the defendant had the reasonable ability to pay his attorney fees. The finding contained in the sentencing order is thus not supported by the record. The required remedy is to remand for the entry of a corrected sentencing order. *See id.* at *4 ("Accordingly, we vacate and remand to the district court. On remand, the judgment of sentence and conviction shall be corrected by striking the sentencing court's unsupported finding of Campbell's ability to pay.").

For the above-stated reasons, we vacate that part of the sentencing order finding the defendant has the reasonable ability to pay his court-appointed counsel's fees and remand for the entry of a corrected sentencing order.

**SENTENCE VACATED IN PART AND REMANDED.**