# IN THE COURT OF APPEALS OF IOWA

No. 17-1697
Filed December 19, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DALE ROBERT TOURNIER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Bremer County, Christopher C. Foy,

Judge.


        Dale Robert Tournier appeals his convictions for second degree sexual

abuse of a child under the age of twelve. **CONVICTION AFFIRMED; SENTENCE**

**AFFIRMED IN PART AND VACATED IN PART AND REMANDED.**



        Mark C. Smith, State Appellate Defender, and Brenda J. Gohr, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee.


        Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Dale Robert Tournier's daughter had an older neighborhood friend who often played at her home. One evening, the friend told her grandmother that Tournier touched her in her genital and anal area.

The State charged Tournier with two counts of second-degree sexual abuse of a child under the age of twelve. *See* Iowa Code §§ 709.1; 709.3(b) (2016). At a bench trial, the child, who was in first grade, testified to Tournier's sex acts. Following trial, the district court found Tournier guilty of one count involving digital penetration of the child's vagina and not guilty of the other count charging a different type of sex act.

Tournier moved for a new trial on the ground the finding of guilt was "contrary to the evidence." Alternatively, he asked the court to "vacate the judgment, . . . take additional testimony, and amend its findings of fact." The district court denied Tournier's new trial motion and his request to vacate the judgment. The court imposed judgment and sentence, including a fee for room and board at the county jail.

On appeal, Tournier argues (1) the district court abused its discretion in declining to grant him a new trial and in refusing to set aside the finding of guilt and receive further testimony and (2) the district court erred in imposing the jail fee without first determining the amount of the fee.

## I. *New Trial Motion/Vacating of Judgment*

In support of his new trial motion, Tournier argued the child's testimony was "clearly inconsistent with statements made prior to trial." In ruling on the motion, the district court acknowledged that "certain aspects of [the child's] trial testimony"

did not "match precisely with . . . statements she had made to other people involved." But, in the court's view, "[a]ny distinctions between her trial testimony and what she had told other people" were "pretty much details" that could "certainly be . . . expected when . . . a child that age is being asked to recount events that took place . . . at least . . . ten months . . . after the fact." The court noted that the child's "initial report was made . . . immediately upon her return to her grandparents' home that evening." The court found the child was "consistent about . . . the digital or the finger and hand contact . . . Mr. Tournier had with her vagina."

Conversely, the court found "the statements and the conduct of . . . Mr. Tournier . . . were also . . . [a] strong indicator of guilt." The court explained, "some of . . . the comments that Mr. Tournier had made to others about this . . . indicated a knowledge of what had actually taken place that . . . he would not have had if the events hadn't happened."

The court also assessed the credibility of other witnesses, expressing a lack of conviction that Tournier's young daughter "would have necessarily been old enough to really understand or . . . alert others . . . to what she was observing." And the court explained "there was a period of time when there was no . . . other adult in that room."

The court thoroughly weighed witness credibility. *See Powers v. State*, 911 N.W.2d 774, 782 (Iowa 2018) ("In assessing a motion for new trial, the judge examines the weight of the evidence offered in the criminal trial, which includes a weighing of the credibility of the complaining witness."). Notably, the court served as fact finder and, in that capacity, had the opportunity to weigh witness credibility during the criminal trial. *See State v. Wickes*, 910 N.W.2d 554, 571 ("Wickes opted

for a bench trial in this case, so the district court in reaching its verdict assessed the credibility of the witnesses."). In light of the court's detailed credibility findings, we conclude this was not the exceptional case warranting the grant of a new trial motion based on the weight of the evidence. *See State v. Ary*, 877 N.W.2d 686, 705 (Iowa 2016) ("A district court should grant a motion for a new trial only in exceptional circumstances."). We discern no abuse of discretion in the district court's ruling. *See Wickes*, 910 N.W.2d at 563–64 ("We generally review rulings on motions for new trial asserting a verdict is contrary to the weight of the evidence for an abuse of discretion.").

For the same reasons, the court did not abuse its discretion in declining to vacate the judgment and take additional testimony. *See* Iowa R. Crim. P. 2.24(2)(c) ("On a motion for a new trial in an action tried without a jury, the court may where appropriate, in lieu of granting a new trial, vacate the judgment if entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and enter judgment accordingly."); *State v. Watkins*, 659 N.W.2d 526, 535 (Iowa 2003) (affirming district court's disposition of case under rule 2.24(2)(c)). We find it unnecessary to address Tournier's argument concerning the standard to be applied under rule 2.24(2)(c).

## II.      *Restitution for Jail Fees*

In its written judgment and sentence the district court imposed a "jail fee" obligation:

> **JAIL FEE:** Defendant is ordered to pay a fee established by the Sheriff for room and board at the county jail, pursuant to Iowa Code section 356.7. The jail fee shall apply to all days actually served, including those days where credit is given for time previously served. If Defendant serves the sentence in another facility with the

consent of the agency in charge, then he shall pay the customary fee charged at that facility. In the event Defendant fails to pay such fee, judgment is imposed against him in favor of this county in the amount to be certified by the Sheriff to the Clerk of Court.

The court found Tournier had "the reasonable ability to pay" the obligation.

On appeal, Tournier contends "the district court erred in assessing financial obligations to [him] for unknown amounts of restitution, including jail fees pursuant to Iowa Code section 356.7, without first obtaining a request for reimbursement from the jail." The State concedes "the trial court would need to assess Tournier's reasonable ability to pay before assessing restitution for jail fees" but argues the court did not assess "those costs—so Tournier's challenge is not ripe."

To the contrary, the district court assessed the jail fee in the sentencing order and included a payment plan. Although the court did not specify the amount of the jail fee, we are persuaded by this court's opinion permitting a direct appeal of a sentencing order that deferred imposition of the amount. *See State v. Pace*, No. 16-1785, 2018 WL 1442713, at *3 (Iowa Ct. App. Mar. 21, 2018) (citing *State v. Kurtz*, 878 N.W.2d 469, 472 (Iowa Ct. App. 2016). We conclude the issue is ripe for review.

We further conclude the court's failure to specify the amount of the jail fee was an abuse of discretion. *Id.* ("[T]he court determined [the defendant] was able to pay the jail fees without knowing what the amount of those costs were. The court abused its discretion in so doing."). We vacate the portion of the sentence imposing an obligation to pay the jail fees and remand for a determination of

Tournier's ability to pay a specified amount. *Id.* We affirm the balance of the sentence.

**CONVICTION AFFIRMED; SENTENCE AFFIRMED IN PART AND VACATED IN PART AND REMANDED.**