# IN THE COURT OF APPEALS OF IOWA

No. 18-0939
Filed May 1, 2019

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**HAL CHARLES RUNNER,**
 Defendant-Appellant.

_____

Appeal from the Iowa District Court for Poweshiek County, Annette J. Scieszinski, Judge.

Hal Runner appeals his restitution order for court-appointed attorney fees.

**AFFIRMED.**

Eric D. Tindal of Keegan Tindal & Mason, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Vogel, C.J., Tabor, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**CARR, Senior Judge.**

Hal Runner appeals his restitution order for court-appointed attorney fees, asserting the court used an incorrect standard to determine his ability to pay. "We review restitution orders for correction of errors at law." *State v. Hagen*, 840 N.W.2d 140, 144 (Iowa 2013).

On September 28, 2016, Runner was convicted of assault with intent to inflict serious injury and criminal mischief in the second degree. *See* Iowa Code §§ 708.1(2)(a), 716.4 (2013). His sentence included consecutive terms of incarceration and an order to repay attorney fees of $3600 "for reasons noted in the hearing record." In ordering payment of attorney fees, the district court said it:

> considers everything . . . and based upon all those factors and Mr. Runner's work ethic and his desire and drive to get back to work, even though there's going to be a period of incarceration before that can happen, the court finds that the $3600 cap on fees is very modest for the service rendered here and that he does have the reasonable ability to repay that sum, so the court's not going to exercise its discretion to waive that reimbursement.

Runner appealed, and we remanded for resentencing. *See State v. Runner*, No. 16-1695, 2018 WL 739255, at *4 (Iowa Ct. App. Feb. 7, 2018). After a resentencing hearing, his sentence again included consecutive terms of incarceration and an order to repay attorney fees of $3600 "for reasons noted in the hearing record." During the resentencing hearing, his attorney noted he had already been released from prison on parole based on his initial sentence. The court later had the following exchange with Runner:

> COURT: What do you think about the issue of repayment to the State of Iowa for up to $3600 for your court-appointed defense?
> RUNNER: I can do that, Your Honor. I've all already started making payments to the Clerk of Court.

COURT: And I appreciate your resilience and your resolve to do that. The court understands from all of the information it's been exposed to in the course of this case that you have some real skills that you use in your business endeavors, and that you've been able to support yourself pretty well in the past with those endeavors plus disability payments from the Veterans Administration. So I agree with you that you have the reasonable ability to repay up to $3600 for attorney's fees. And I commend you on your resolve and hard work in getting started on that already.

RUNNER: Yeah. If I'm not locked up, I can make money.

A criminal defendant is generally required to reimburse the State for the cost of legal assistance resulting from a court-appointed attorney. Iowa Code § 815.9(3). However, "before ordering payment for court-appointed attorney fees and court costs, the court must consider the defendant's ability to pay." *State v. Kurtz*, 878 N.W.2d 469, 473 (Iowa Ct. App. 2016).

After the parties submitted the appeal, our supreme court decided *State v. Albright*, which emphasized the district court may order restitution only after determining the defendant has a reasonable ability to pay. ___ N.W.2d ___, ___, 2019 WL 1302384, at *11–15 (Iowa 2019). Factors of a reasonable ability to pay may include "the financial resources of the defendant, the present and potential future financial needs and earning ability of the defendant and his or her dependents, and other factors as the court deems appropriate." *Id.* at *14. The court must have all items of restitution before it when determining the reasonable ability to pay. *Id.*

Runner asserts the sentencing transcripts show the court "started from the position that the [court-appointed] attorney fees were required to be repaid unless Runner presented evidence to the Court that he did not have the ability to pay." We disagree. The transcripts show the district court properly considered his ability

to pay before ordering restitution at both the sentencing and resentencing hearings. At sentencing, the court noted his "work ethic and his desire and drive to get back to work." At resentencing, the court noted his business skills and his established history of paying restitution, and Runner acknowledged he "can make money" when not incarcerated. In reaching its conclusions, the court had the benefit of arguments of counsel, statements from Runner, and the presentence investigation report, which was prepared for the sentencing hearing and orally confirmed as accurate by Runner with some updates at resentencing. These facts show Runner's income history from both disability benefits and his businesses, his assets including a house, his education, and his marital and family status. The court considered a complete plan of restitution at resentencing, imposing required victim restitution and community service charges in addition to the $3600 for attorney fees but finding he had no reasonable ability to pay room-and-board fees of at least $29,280. *See id.* at *13–14 (discussing restitution items the court must impose and items subject to the offender's reasonable ability to pay). Therefore, the court did not commit error when it imposed restitution, including finding he had a reasonable ability to pay court-appointed attorney fees, and we affirm the restitution order.

**AFFIRMED.**