**STATE of Iowa, Appellee,**

v.

**Michael Byron ABRAHAMSON, Chad Eugene Krutsinger, Sonny Wayne Oxford, James Richard Stier, Fred Lee Willett, and Christopher Allen Levy, Appellants.**

No. 03–1907.

Supreme Court of Iowa.

May 13, 2005.

Rehearing Denied May 31, 2005.

Linda Del Gallo, State Appellate Defender, and David Arthur Adams, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Darrel L. Mullins, Assistant Attorney General, and Paul M. Goldsmith, County Attorney, for appellee.

LARSON, Justice.

The sheriff of Lucas County submitted bills for room and board provided to six defendant-inmates of the county jail, and on request of the State, the district court added those amounts to each defendant's restitution order. The defendants objected to the State's application on constitutional and statutory grounds. The district court overruled the objections, and the defendants appealed. The court of appeals affirmed, and we granted further review. We now affirm the court of appeals decision and the judgment of the district court.

## I. *Facts and Issues Raised.*

These convicted criminal defendants were confined for various lengths of time at the Lucas County jail. Pursuant to Iowa Code section 356.7 (2001), the sheriff presented a bill for each inmate, computed at $50 per day, and requested the court to enter orders for restitution accordingly. This case turns largely on our interpretation of Iowa Code section 356.7 and its

interaction with the restitution provisions of sections 910.2 and 910.3.

## II. *Discussion.*

Under section 356.7(1), a sheriff may charge adult prisoners for room and board, and if a prisoner fails to pay, the sheriff may file a room-and-board reimbursement claim with the district court. Under subsection (2), the sheriff is to include certain information regarding the claim. *See* Iowa Code § 356.7(2)(*a*)-(*g*). If the sheriff wishes to have the claim included in a restitution plan, the sheriff must make a specific request to that effect in the reimbursement claim. *Id.* § 356.7(2)(*g*). Section 356.7(3), the provision that gives rise to this appeal, provides:

> Upon receipt of a claim for room and board reimbursement, *the court shall approve the claim* in favor of the sheriff or the county for the amount owed by the prisoner as identified in the claim and any fees or charges associated with the filing or processing of the claim with the court. The sheriff may choose to enforce the claim in the manner provided in chapter 626 [execution to enforce judgments and orders]. Once approved by the court, the claim for the amount owed by the person shall have the force and effect of a judgment for purposes of enforcement by the sheriff.

(Emphasis added.)

The defendants complain that the italicized language of section 356.7(3) renders the statute invalid because it usurps the power of the court to assess the merits of the claim. Under section 356.7(3), a court-approved claim for room and board may be enforced in two ways: as a judgment in the traditional sense, under Iowa Code chapter 626, or as part of a restitution plan under chapter 910. Under section 356.7(2)(*g*), a sheriff, if he decides to collect the claim under the restitution plan, must so state in the original claim.

In this case, the sheriff chose the latter, specifically stating in his claims that he elected to collect the amounts under the restitution alternative. The district court complied with that request and assessed the claims under Iowa Code sections 910.2 and 910.3, which impose limitations on the power of the State to require restitution. The court found the amounts requested by the sheriff were appropriate under the statutes. In making this finding, the court compared Lucas County's charges with other counties in the area and considered testimony by the sheriff concerning his costs, including personnel, food, vehicle costs for transportation, amounts paid to other jails to house Lucas County prisoners (which ran from $60 to $70 per day), prisoners' clothing, utilities, maintenance, insurance, and school-of-instruction expenses for supervising prisoners. The sheriff also relied on the recommendations of experts who suggested charges of $50 to $60 per day.

These defendants, in their resistance to the sheriff's application for reimbursement and apparently believing they would be denied a hearing on the sheriff's application because of the "shall approve" language of section 356.7(3), stated:

> [T]he District Court [in entering an order under section 356.7(3)] must be afforded the range of options available to it under Section 910.3, including:
>
> *a.* awarding no restitution if the offender is not reasonably able to pay;
>
> *b.* requiring community service in lieu of restitution in appropriate cases;
>
> *c.* awarding restitution in such sum as the Court determines to be reasonable and proper under the circumstances; and
>
> *d.* awarding restitution in the sum claimed by the sheriff.

Unless the District Court is given authority over this aspect of sentencing, then section 356.7 constitutes an unconstitutional delegation of power to the sheriff.

Actually, the defendants got exactly what they requested—a hearing that considered all of the factors under section 910.3 (necessity and reasonableness of the charges and the defendants' ability to pay). The court found that the number of days charged was correct (a fact conceded by the defendants), the amount requested by the sheriff was "necessary, fair, and reasonable," and the claims were timely under section 910.3. The court also analyzed and rejected the defendants' constitutional challenges to section 356.7. The court dealt with the defendants' ability-to-pay issue by providing that they could file a separate application to have that issue resolved at a later date. *See State v. Jackson,* 601 N.W.2d 354, 357 (Iowa 1999).

Because the sheriff did not elect to collect the claim for room and board under the chapter 626 alternative, but rather treated them as claims for restitution under chapter 910 and the defendants received a full hearing on the restitution claim, it is not necessary for us to consider the argument that the "shall approve" language of the statute renders it invalid. Nevertheless, we do so to provide guidance in those cases in which a sheriff requests court approval of a claim as a condition precedent to collection of it under the regular judgment collection provisions of chapter 626, rather than through restitution.

■ The defendants contend section 356.7(3), by providing the court "shall approve" room-and-board claims, precludes the exercise of judicial power and therefore runs afoul of constitutional principles of due process, equal protection, and separation of powers. We disagree; this lan-

guage does not mean that the court must rubber-stamp a claim. That is so because, despite the lack of an express provision for judicial scrutiny, we have "inherent discretionary authority to review any order ... for substantive, as well as procedural, irregularity, and to set the matter for hearing where necessary." *State ex rel. Allee v. Gocha,* 555 N.W.2d 683, 686 (Iowa 1996) (holding statute, which directed district courts to approve orders submitted by an agency, still permitted district court to exercise its inherent judicial authority to review the orders before approving them).

■ To interpret section 356.7 to allow for no judicial review of the claim for board and room would almost certainly run afoul of our constitution's provision for separation of powers:

The powers of the government of Iowa shall be divided into three separate departments—the legislative, the executive, and the judicial: and no person charged with the exercise of powers properly belonging to one of these departments shall exercise any function appertaining to either of the others, except in cases hereinafter expressly directed or permitted.

Iowa Const. art. III, § 1. As we articulated in *Gocha,*

[f]or the judiciary to play an undiminished role in this constitutional scheme, "nothing must impede the immediate, necessary, efficient and basic functions of the court." A court fulfills its most basic function when exercising its power to decide the merits of a controversy and render an enforceable judgment. Reserved to us is the authority to check any legislative action encroaching on that power.

555 N.W.2d at 684–85 (citations omitted). We have also recognized that,

"[w]hen possible, statutory provisions should be construed in such a way as to avoid unconstitutionality rather than simply void them on the basis of an interpretation which renders them constitutionally infirm. If the law is reasonably open to two constructions, one that renders it unconstitutional and one that does not, the court must adopt the interpretation that upholds the law's constitutionality."

*Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Visser,* 629 N.W.2d 376, 380 (Iowa 2001) (quoting 2A Norman J. Singer, *Statutes and Statutory Construction* § 45.11, at 70–71 (rev.vol.2000) (footnotes omitted)).

In this case, the statutory mandate that the district court "shall approve" the claim simply means that the court shall approve it before it may be paid. " 'Approval' implies the exercise of sound judgment, practical sagacity, wise discretion and final direct affirmative action." *Cunningham v. Comm'r,* 249 Mass. 401, 144 N.E. 447, 455 (1924). We believe the "sound judgment, practical sagacity, [and] wise discretion" going into the order for reimbursement for room and board must be that of the court—not the sheriff. To hold otherwise would result in a serious intrusion by another branch of government into the area of responsibility constitutionally vested in the court.

We therefore interpret the "shall approve" language of section 356.7(3) as a grant of authority to the court to resolve the merits of the claim—not a mandate that it simply sign the order as a ministerial function. This is consistent with the interpretation of the words as set out above and yet preserves the court's constitutional authority. Moreover, it confirms in the district court "the inherent discretionary authority to review any order ...

and to set the matter for hearing if necessary." *Gocha,* 555 N.W.2d at 686.

The defendants may claim that this reading conflicts with our decision in *Jackson;* however, it does not. *Jackson* considered the court's discretion, or lack thereof, under section 910.2 when including correctional fees approved under section 356.7 in a restitution plan. *See Jackson,* 601 N.W.2d at 356. We did not address the issue raised in the present case, i.e., whether the "shall approve" language of section 356.7(3) renders the statute invalid. Today, we hold that it does not.

**DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.**

All justices concur except STREIT, J., who takes no part.