# IN THE COURT OF APPEALS OF IOWA

No. 17-0616
Filed February 7, 2018

**STATE OF IOWA,**
　　Plaintiff-Appellant,

**vs.**

**IOWA DISTRICT COURT FOR POLK COUNTY,**
　　Defendant-Appellee.
_____

Certiorari to the Iowa District Court for Polk County, Odell G. McGhee II,
District Associate Judge.

In this certiorari action, the State challenges an order converting part of a
jail-room-and-board reimbursement debt into a community service obligation.
**WRIT ANNULLED.**

Thomas J. Miller, Attorney General, and Kevin Cmelik and Louis S. Sloven,
Assistant Attorneys General, for appellant.

Ronald Cortez Robinson Gochett, self-represented appellee.

Considered by Vogel, P.J., and Tabor and Bower, JJ.

**TABOR, Judge.**

The State brought this certiorari action to contest the district court's authority to convert fees charged by the sheriff for room and board into a community service obligation where Polk County did not pursue the claim as restitution under Iowa Code section 356.7(2)(i) (2015). The State argues that when a sheriff chooses to enforce the reimbursement claim by execution under Iowa Code chapter 626, the district court cannot "usurp" the county's right to collect the entire payment.

The State's argument cannot prevail on the facts before us. The assistant county attorney characterized the fees approved under section 356.7 as "court debt" as defined in Iowa Code section 602.8017(1)(a). When a defendant is not reasonably able to pay all or part of his or her court debt, a judicial officer may substitute community service in lieu of correctional fees. Iowa Ct. R. 26.4(2). Because that court rule provided authorization for the district court's action, we annul the writ.

## I. Facts and Prior Proceedings

Ronald Gochett pleaded guilty to third-offense possession of marijuana and eluding, receiving a seven-year prison sentence in February 2015. He appealed the plea and sentence, alleging he received ineffective assistance of counsel because he was not informed about the applicable surcharges at the plea hearing and his sentence was illegal because it included an assessment of costs for dismissed charges. Our court affirmed the judgment, preserved his ineffective-assistance claim for postconviction relief, and remanded for resentencing with respect to the assessment of costs on the dismissed charges. *See State v. Gochett*, No. 15-0418, 2017 WL 1735606, at *2 (Iowa Ct. App. May 3, 2017).

Meanwhile, in late April 2015, the Polk County Sheriff's Office sought reimbursement for Gochett's 120-day jail stay. At $60 per day, plus a $75 administrative charge, the tab totaled $7275.00. On May 1, 2015, the district court approved the claim, finding the amount to be "fair and reasonable." Seventeen days later, on May 18, the Polk County Attorney sent a memorandum to the clerk of court indicating it was "pursuing the collection of delinquent obligations" in Gochett's case in accordance with Iowa Code section 331.756(5).

Gochett was released from prison and placed on parole in November 2015. In October 2016, his parole officer instructed him to set up a payment plan for his court debt, according to Gochett's testimony at the hearing on the room-and-board reimbursement. Rather than entering a payment plan, on October 31, Gochett filed a handwritten motion asking to "have a hearing to reduce room and board fees" in his felony case. That same day, the district court filed an order converting $3500 of Gochett's room-and-board fees to 483 hours of community service. The order also set a "contempt of court" hearing for December 22, 2016.[1]

The Polk County Attorney filed a resistance to Gochett's motion to reduce the room-and-board fees and a motion to set aside the court's order converting a portion of the fees to community service. Before the December hearing, the county attorney filed an exhibit list, including a printout of the "Financials" screen from

---

[1] The record before us is not clear as to why the district court scheduled the contempt of court hearing. We note Iowa Code section 909.5 provides:

> A person who is able to pay a fine, court-imposed court costs for a criminal proceeding, or both, or an installment of the fine or the court-imposed court costs, or both, and who refuses to do so, or who fails to make a good faith effort to pay the fine, court costs, or both, or any installment thereof, shall be held in contempt of court.

Iowa-Courts-On-Line, showing "costs" due including $7275 for reimbursement to the sheriff for room and board.

On December 22, Gochett appeared for a "contempt hearing" where the district court considered his motion to modify the room-and-board fees and the State's motion to set aside the order converting a portion of those fees to community service. The court noted Gochett's plea-and-sentencing appeal was still pending. The court set his first payment on the plan of restitution for thirty days after procedendo issued. The parties stipulated Gochett had already completed fifty hours of community service. The court directed the clerk to credit that community service toward Gochett's outstanding court-reporter and filing fees. The question concerning the room-and-board fees was set for hearing on February 13, 2017.

At the February hearing, the assistant county attorney argued "nothing in [section] 356.7 . . . allows the court to convert the judgment to community service" because the sheriff had not pursued the claim as restitution under Iowa Code chapter 910. The assistant count attorney asserted "court debt is under [section] 602.8107. . . . [I]f he is not making the payments and he is in default, he is delinquent, then it goes to collections under [section] 602.8107. So he's supposed to enter a payment plan with the Clerk of Court."

Gochett, who did not have counsel at the hearing, told the court: "I know I owe the money . . . I know I got to pay it somehow, whether it be community service, or whatever. But I was trying to do whatever I could do to get it paid." Under examination by the assistant county attorney, Gochett testified he had been employed since February 2016, earning $16.50 an hour and working more-or-less

full time. He also testified his wages were garnished for back child-support payments.

In March 2017, the district court ruled it had the "legal authority to modify and convert fees, including jail fees, to community service." The court cited Iowa Code section 910.2(2). The court confirmed its original order converting $3500 of Gochett's obligation to 483 hours of community service.

The Iowa Attorney General's office filed a petition for writ of certiorari, citing Iowa Rule of Appellate Procedure 6.107.[2] The supreme court granted the petition, framing the question as follows: "'[w]hether the court has the authority to order that a court-ordered claim for reimbursement under Iowa Code Chapter 356.7 be satisfied through community service.' *See generally* Iowa Code §§ 356.7(2)(g), 602.8107(1)(a), 910.2 (2017); Iowa Ct. R. 26.4(2)." When Gochett, who is self-represented on appeal, did not respond to a default notice, the supreme court ordered the appeal to proceed without an appellee's brief. The supreme court transferred the appeal to our court in November 2017.

---

[2] That rule provides: "Any party claiming . . . an associate district court judge . . . exceeded the judge's jurisdiction or otherwise acted illegally may commence an original certiorari action in the supreme court by filing a petition for writ of certiorari as provided in these rules." The State does not explain in the petition how it was a party to the action under Iowa Code section 356.7, which allows the county attorney to file a reimbursement claim on behalf of the county sheriff.

## II.	Standard of Review

"We review certiorari actions for correction of errors at law." *State v. Iowa Dist. Court for Jones Cty.*, 902 N.W.2d 811, 814 (Iowa 2017). We examine questions of statutory interpretation under that same standard of review. *Id.*

## III.	Analysis

A sheriff may charge adult prisoners who have been convicted of a crime for room and board, and if the prisoners fail to pay for their stay, the sheriff may file a room-and-board reimbursement claim with the district court. Iowa Code § 356.7(1); *State v. Abrahamson*, 696 N.W.2d 589, 591 (Iowa 2005). The money collected by the sheriff is credited to the county's general fund. Iowa Code § 356.7(1). At the center of this certiorari action are the following sections of the correctional-fee statute, which provide:

> 2. The sheriff . . . or the county attorney, on behalf of the sheriff, . . . may file a reimbursement claim with the clerk of the district court which shall include all of the following information, if known:
>
> a. The name, date of birth, and social security number of the person who is the subject of the claim.
>
> b. The present address of the residence and principal place of business of the person named in the claim.
>
> c. The criminal proceeding pursuant to which the claim is filed, including the name of the court, the title of the action, and the court's file number.
>
> d. The name and office address of the person who is filing the claim.
>
> e. A statement that the notice is being filed pursuant to this section.
>
> f. The amount of room and board charges the person owes.
>
> g. The amount of administrative costs the person owes.
>
> h. The amount of medical aid the person owes.
>
> i. *If the sheriff . . . wishes to have the amount of the claim for charges owed included within the amount of restitution determined to be owed by the person, a request that the amount owed be included within the order for payment of restitution by the person.*
>
> 3. Upon receipt of a claim for reimbursement, the court shall approve the claim in favor of the sheriff or the county, . . . for the amount owed

by the prisoner as identified in the claim and any fees or charges associated with the filing or processing of the claim with the court. *The sheriff . . . may choose to enforce the claim in the manner provided in chapter 626.* Once approved by the court, the claim for the amount owed by the person shall have the force and effect of a judgment for purposes of enforcement by the sheriff . . . . However, irrespective of whether the judgment lien for the amount of the claim has been perfected, the claim shall not have priority over competing claims for child support obligations owed by the person.

Iowa Code § 356.7(2), (3) (emphasis added).

The State focuses on the italicized portions of the statute, contending they allow the sheriff to pick one of two routes for enforcing the room-and-board claim: as part of the defendant's restitution obligation under Iowa Code chapter 910 or under the procedures for execution of money judgments under chapter 626. The State argues the legislature crafted the statue to enshrine the sheriff's office as "master of its claim."

If the sheriff includes a request under section 356.7(2)(i) that the charges be included in the amount of restitution owed by the defendant, then the State concedes the district court has authority under Iowa Code section 910.2(2)[3] to allow a defendant, who is not reasonably able to pay all or part of the correctional fees, to perform community service in lieu of payment. But according to the State's argument, when the sheriff does not include a request for the charges to be included in the amount of restitution, the district court cannot convert the room-

_____

[3] When the offender is not reasonably able to pay all or a part of . . . court costs including correctional fees approved pursuant to section 356.7 . . . , the court may require the offender in lieu of that portion of . . . court costs including correctional fees approved pursuant to section 356.7 . . . , for which the offender is not reasonably able to pay, to perform a needed public service for a governmental agency or for a private nonprofit agency which provides a service to the youth, elderly, or poor of the community.
Iowa Code § 910.2(2).

and-board fees owed to a community service obligation. The State finds support for this dichotomy in *Abrahamson*, where the supreme court analyzed section 356.7 as follows:

> Under section 356.7(3), a court-approved claim for room and board may be enforced in two ways: as a judgment in the traditional sense, under Iowa Code chapter 626, or as part of a restitution plan under chapter 910. Under section 356.7(2)(g),[4] a sheriff, if he decides to collect the claim under the restitution plan, must so state in the original claim.

696 N.W.2d at 591.

In *Abrahamson*, the Lucas County sheriff elected to collect the corrections fees by the restitution route. *Id.* Several Lucas County jail inmates objected to the reimbursement amounts from the sheriff that were added to their restitution orders, contending the "shall approve" language in section 356.7(3) "preclude[d] the exercise of judicial power and therefore [ran] afoul of constitutional principles of due process, equal protection, and separation of powers." *Id.* at 592. The court held "the defendants got exactly what they requested—a hearing that considered all of the factors under section 910.3 (necessity and reasonableness of the charges and the defendants' ability to pay)." *Id.* The *Abrahamson* court went on to "provide guidance in those cases in which a sheriff requests court approval of a claim as a condition precedent to collection of it under the regular judgment collection provisions of chapter 626, rather than through restitution." *Id.* The court decided the "shall approve" language did not mean that a court must "rubber stamp" a sheriff's claim under section 356.7. *Id.* ("[D]espite the lack of an express provision for judicial scrutiny, we have 'inherent discretionary authority to review any order .

---

[4] The applicable subparagraph is now (i).

. . for substantive, as well as procedural, irregularity, and to set the matter for hearing where necessary.'" (citation omitted)).

In this case, Polk County did not request that its reimbursement claim be included in Gochett's restitution order. Accordingly, the State contends the district court lacked authorization to apply provisions from chapter 910 to grant Gochett's request to modify the court order approving the sheriff's reimbursement. The State asks that we vacate the modification order.

On a theoretical basis, the State presents a persuasive argument that when a sheriff opts to enforce its room-and-board judgment under chapter 626, the restitution provisions in chapter 910 do not apply. But on a practical basis, it does not appear the Polk County sheriff actually chose to execute its room-and-board judgment using chapter 626. *Cf. State v. Letscher*, 888 N.W.2d 880, 887 (Iowa 2016) (noting in bail forfeiture case that sentencing court "followed none of the ordinary procedures for attachment and execution"). Instead, the assistant Polk County Attorney presented an exhibit showing the room-and-board fees stood as a financial obligation owed by Gochett in his criminal case, not as a separate civil judgment. The assistant county attorney also argued to the district court at the February 2017 hearing that Gochett was not making payments on his "court debt" so he was "delinquent and then it goes to collections under [section] 602.8107." The assistant county attorney further asserted her office would be "doing the collections on behalf of the Clerk of Court."

Despite the county attorney's reference to "court debt" at the hearing and the supreme court's citation to Iowa Code section 602.8107(1)(a) and Iowa Court Rule 26.4(2) in its order granting the petition for writ of certiorari, the State does

not discuss these provisions in its appellant's brief. Section 602.8107(1)(a) defines "court debt" as "all fines, penalties, court costs, fees, forfeited bail, surcharges under chapter 911, victim restitution, court-appointed attorney fees or expenses of a public defender ordered pursuant to section 815.9, or fees charged pursuant to section 356.7 or 904.108." Court rules enacted in 2013 to implement section 602.8107(1) provide for community service in lieu of monetary payment of court debt in some circumstances.[5] *See* Iowa Ct. Rule 26.4. "When defendant is not reasonably able to pay all or part of defendant's court debt, community service may be substituted in lieu . . . court costs, including correctional fees approved pursuant to Iowa Code section 356.7 . . . ." Iowa Ct. R. 26.4(2).

Here, the district court decided Gochett did not have the reasonable ability to pay the entire $7275 owed in correctional fees and substituted 483 hours of community service for $3500 of the debt. The county attorney acknowledged Gochett's obligation was court debt as defined in section 602.8107(1). The court's action was authorized by rule 26.4(2). Accordingly, we decline the State's invitation to vacate the modified room-and-board reimbursement order.

**WRIT ANNULLED.**

Bower, J., concurs; Vogel, P.J., concurs specially.

---

[5] One circumstance where a judicial officer is prohibited from ordering community service in lieu of monetary payment is when the court debt is already deemed delinquent. *See* Iowa Ct. R. 26.4(6). In this case, Gochett was not required to begin making payments until procedendo issued after the appeal of his plea and sentence. Procedendo issued on June 7, 2017, and Gochett was resentenced on July 28, 2017.

**VOGEL, Presiding Judge.** (concurring specially)

I concur in the result, but write separately to note Iowa Court Rule 26.4, adopted in 2013, appears to conflict with the "guidance" provided by our supreme court's decision in *State v. Abrahamson*, 696 N.W.2d 589 (Iowa 2005), and Iowa Code section 356.7(3) (2015). *Abrahamson* noted that the county sheriff may elect to pursue the room-and-board fees through either the restitution plan or through traditional collection methods under chapter 626. 696 N.W.2d at 591. Here, the sheriff elected not to collect the fees through restitution but to enforce its claim under chapter 626. The court approved of the fee on May 1, 2015, finding the amount "fair and reasonable." "Once approved by the court, the claim for the amount owed by the person shall have the force and effect of a judgment for purposes of enforcement by the sheriff or municipality." Iowa Code § 356.7(3). Thus, the sheriff had a judgment against Gochett for $7250 as of that date. No payments were made by Gochett, but the record fails to indicate whether the county sheriff was taking steps to execute on that judgment.

Over one year later, the court entered an order converting $3500 of those fees to 483 hours of community service. The district court derived that power to convert the previously entered judgment under section 602.8107(1)(a), which defines "court debt" to include "fees charged pursuant to section 356.7," and the newly adopted Iowa Court Rule 26.4(2), which authorizes the court to substitute community service in lieu of court debt including "correctional fees approved pursuant to section 356.7" after finding a defendant not reasonably able to pay all or part of the court debt. Therefore, despite having a judgment against Gochett under section 356.7 for $7250, the sheriff is no longer able to collect $3500 of that

judgment in light of the court's decision to substitute community service for that obligation. This conversion was done without giving the county sheriff notice or an opportunity to be heard. *See* Iowa Code 602.8107(4)(a) (noting the county attorney is not authorized to collect delinquent court debt that includes amounts for "fees charged pursuant to section 356.7"). While Iowa Court Rule 26.4(2) appears to give the district court this power, it renders the judgment granted by section 356.7(3) voidable based on the district court's discretion.