# IN THE COURT OF APPEALS OF IOWA

No. 18-0690
Filed April 17, 2019

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**LARRY GROSS Jr.,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.

Defendant appeals the district court decision requiring him to pay a room and board reimbursement fee for time he spent in jail. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, (until withdrawal) and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**BOWER, Judge.**

Larry Gross appeals the district court decision requiring him to pay a room and board reimbursement fee for time spent in jail. We conclude the district court did not err in approving the Polk County Sheriff's application for reimbursement without making a finding Gross had a reasonable ability to pay. We affirm the decision of the district court.

Gross was charged with first-degree arson after he started a fire in his home. He entered into a plea agreement and pled guilty to second-degree arson, in violation of Iowa Code section 712.3 (2017).[1] Gross was sentenced to a term of imprisonment not to exceed ten years. The sentencing order, filed on January 5, 2018, provided Gross was to pay restitution in an amount to be determined.

On January 16, the Polk County Sheriff's Office filed a statement showing Gross was confined in the Polk County jail for 197 days. On April 6, the Polk County Sheriff's Office filed a claim for reimbursement, seeking $11,415.00 for room and board during the time Gross was in jail. The claim stated, "This Claim is made pursuant to Iowa Code Section 356.7 for the reimbursement of Administrative Costs, Room and Board, and Medical Aid Costs."

On April 9, 2018, the district court entered an order stating, the "Sheriff's Claim for Reimbursement is approved by the Court pursuant to Iowa Code [section] 356.7 in an amount of $11,415.00." The order advised Gross, "Any defendant aggrieved by the above order may file an application with the court to have the court reexamine this decision. The application must be filed within 15

---

[1] Gross's conviction was affirmed on direct appeal. *State v. Gross*, No. 18-0048, 2018 WL 6120052, at *4 (Iowa Ct. App. Nov. 21, 2018).

days after the filing of the court's order (See Iowa Rule of Civil Procedure 1.1007)." Gross did not file an application with the district court to challenge the court's order, but filed a notice of appeal on April 18, 2018, within the fifteen-day period.

Gross claims the district court improperly required him to pay restitution of $11,415.00, without making a finding as to his reasonable ability to pay, contrary to constitutional requirements. *See State v. Kurtz*, 878 N.W.2d 469, 472 (Iowa Ct. App. 2016) ("A defendant's reasonable ability to pay is a constitutional prerequisite for a criminal restitution order such as that provided by Iowa Code chapter 910."). The State responds by claiming the Polk County Sheriff was seeking to enforce the claim as a civil judgment under chapter 626, rather than through a restitution order.

"Under section 356.7(3), a court-approved claim for room and board may be enforced in two ways: as a judgment in the traditional sense, under Iowa Code chapter 626, or as part of a restitution plan under chapter 910." *State v. Abrahamson*, 696 N.W.2d 589, 591 (Iowa 2005). In the original claim, "[i]f the sheriff or municipality wishes to have the amount of the claim for charges owed included within the amount of restitution determined to be owed by the person, a request that the amount owed be included within the order for payment of restitution by the person" must be included in the reimbursement claim filed with the clerk of district court. Iowa Code § 356.7(2)(i).

Neither the claim by the sheriff nor the ruling by the district court mentions restitution. Based on section 356.7(2)(i), we find the sheriff was seeking to enforce

its claim for reimbursement under chapter 626.[2] Where a sheriff proceeds under chapter 626, the court has "inherent discretionary authority to review any order . . . for substantive, as well as procedural, irregularity, and to set the matter for hearing where necessary." *Abrahamson*, 696 N.W.2d at 592. The court should "resolve the merits of the claim." *Id.* at 593.

On appeal, Gross asks us to reverse the district court's order and remand for a hearing on his reasonable ability to pay. As noted, this case involves a civil judgment under chapter 626, not a restitution order under chapter 910. For a civil judgment, Gross is "afforded the same protections as other civil judgment debtors." *See State v. Dudley*, 766 N.W.2d 606, 623 (Iowa 2009). This does not include a determination the defendant is reasonably able to pay the amount due, as in restitution proceedings. *See* Iowa Code § 910.2; *State v. Jackson*, 601 N.W.2d 354, 357 (Iowa 1999) (noting until a restitution plan is filed "the court is not required to give consideration to the defendant's ability to pay"). On the other hand, a restitution proceeding "does not trigger the protections of our statutes governing execution on judgments." *Dudley*, 766 N.W.2d at 623.

We conclude the district court did not err in approving the reimbursement application without making a finding Gross had a reasonable ability to pay. We affirm the decision of the district court.

**AFFIRMED.**

---

[2] We note in *State v. Iowa District Court*, No. 17-0616, 2018 WL 739323, at *4 (Iowa Ct. App. Feb. 7, 2018), we stated "it does not appear the Polk County sheriff actually chose to execute its room-and-board judgment using chapter 626." The holding in this case is based on whether the judgment for room and board was a "court debt," which could be satisfied by community service. *Iowa Dist. Ct.*, 2018 WL 739323, at *5.