# IN THE COURT OF APPEALS OF IOWA

No. 18-1215
Filed January 9, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TAVISH COLEON SHACKFORD,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.

Tavish Shackford appeals the district court resentencing order obligating him to pay correctional fees. **SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

Mark C. Smith, State Appellate Defender, (until withdrawal), and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., Greer, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**GREER, Judge.**

Tavish Shackford appeals the district court's resentencing order after his conviction for one count of willful injury causing bodily injury. Shackford argues the court erred in assessing all court costs against him, including correctional fees, without considering (1) whether to apportion any of the costs between two criminal counts or (2) whether he had a reasonable ability to pay the costs. On our review, we affirm in part and vacate in part the district court's resentencing order and remand for entry of a restitution order consistent with this opinion.

**I. Background Facts and Proceedings.**

We recited the facts underlying Shackford's criminal conviction in our opinion in his first appeal. *State v. Shackford*, No. 17-0634, 2018 WL 1863297, at *1 (Iowa Ct. App. Apr. 18, 2018). Relevant here, after a jury trial, Shackford was found guilty of one count of willful injury causing bodily injury in violation of Iowa Code section 708.4(2) (2016) (Count I) and one count of intimidation with a dangerous weapon in violation of Iowa Code section 708.6 (Count II). Shackford's previously posted bail on Count I was continued pending sentencing. Because Count II is a forcible felony, Shackford was not eligible for release on bond and remained in jail pending sentencing. *See* Iowa Code § 811.1(1) (noting that defendants awaiting sentencing on a forcible felony as defined in Iowa Code section 702.11 are not eligible for bail).

At sentencing, the district court ordered Shackford to pay court costs and restitution in an amount the court would determine later. Further, the court determined he could not pay the costs of his court-appointed attorney. Shackford appealed.

While Shackford's first appeal was pending, the Polk County Sheriff filed two requests for reimbursement for "room and board" correctional fees: one for $135 for the two days Shackford spent in jail following his arrest and one for $4935 for the eighty-four days he spent in jail awaiting sentencing and transfer to the Iowa Department of Corrections (IDOC). Without a hearing, the court approved each request the day it was filed.

In Shackford's first appeal, we upheld his conviction for Count I, but we found insufficient evidence to sustain the conviction for Count II—the forcible felony. As a result, we remanded for resentencing on Count I and dismissal of Count II, which the district court dismissed with prejudice.

Before resentencing on Count I, the IDOC filed a restitution plan. Under the restitution plan, Shackford owed $5444.78 in restitution including the correctional fees. Accordingly, the clerk of court's financial docket included the correctional fees. Directed by the restitution plan, the IDOC planned to withhold twenty percent of each credit to Shackford's institutional account to satisfy his restitution obligation.

At the resentencing hearing, the court imposed an indeterminate five-year sentence as well as a suspended $750 fine and criminal-penalty surcharge. While the court determined Shackford could not pay court-appointed attorney fees, the court ordered him to pay court costs. As for restitution, the order stated,

> RESTITUTION PREVIOUSLY DETERMINED REMAINS THE SAME. Defendant is ordered to make restitution in the amount of $TBD. . . . If the amounts of restitution are not available at the time of sentencing, a supplemental order will follow.

Shackford appeals.[1]

## II. Standard of Review.

"The court may correct an illegal sentence at any time." Iowa R. Crim. P. 2.24(5)(a). An illegal sentence is "one not authorized by statute." *Tindell v. State*, 629 N.W.2d 357, 359 (Iowa 2001). "We normally review claims of an illegal sentence for correction of errors at law." *State v. Petty*, 925 N.W.2d 190, 195 (Iowa 2019). "We review the district court's restitution order for correction of errors at law." *State v. Roache*, 920 N.W.2d 93, 99 (Iowa 2018).

## III. Analysis.

Shackford argues the district court erred by failing to apportion correctional fees and court costs between Count I and Count II. Shackford also claims the district court failed to consider his reasonable ability to pay before ordering these costs as restitution.

**A. Correctional Fees.** Shackford initially split his claims about apportionment of court costs into three categories: (1) the $135 charge for two days of pre-verdict correctional fees; (2) the $4935 charge for eighty-four days of post-verdict correctional fees; and (3) other court costs incurred before dismissal of Count II. However, Shackford now concedes that after the Iowa Supreme Court's opinion in *State v. McMurry*, 925 N.W.2d 592, 596–97 (Iowa 2019), the first and third categories of fees are not subject to apportionment. For that reason, we do not address those costs. We will only address the post-verdict correctional fees.

---

[1] Shackford later filed a motion to withdraw notice of appeal and motion to reconsider sentence. The district court never ruled on these motions.

To begin, Shackford argues that he should not be responsible for any post-verdict correctional fees because the forcible felony conviction, Count II, was not sustained by evidence and that conviction was the only reason he was in jail without bond for eighty-four days pending sentencing.

Nevertheless, "[u]nder section 356.7(1), a sheriff may charge adult prisoners for room and board, and if a prisoner fails to pay, the sheriff may file a room-and-board reimbursement claim with the district court." *State v. Abrahamson*, 696 N.W.2d 589, 591 (Iowa 2005). Section 356.7(1) provides, in part,

> The county sheriff . . . may charge a prisoner who is eighteen years of age or older and *who has been convicted* of a criminal offense . . . for the actual administrative costs relating to the arrest and booking of that prisoner, for room and board provided to the prisoner while in the custody of the county sheriff or municipality, and for any medical aid provided to the prisoner under section 356.5. . . . If a prisoner who has been convicted of a criminal offense . . . fails to pay for the administrative costs, the room and board, or medical aid, the sheriff or municipality may file a reimbursement claim with the district court . . . .

Iowa Code § 356.7(1) (emphasis added).

"[T]he language 'who has been convicted of a criminal offense' describes who may be charged rather than the services for which charges may be made." *State v. Jackson*, 601 N.W.2d 354, 356 (Iowa 1999) (quoting Iowa Code § 356.7(1)). "The expenses that may be recouped are identified by the language 'room and board provided to the prisoner while in the custody of the county sheriff.' This language denotes all room and board while in such custody." *Id.* (quoting Iowa Code § 356.7(1)). Directed by the legislature, this statute "assist[s] the county in recovering the costs incurred for housing and feeding prisoners during

jail stays." *Id.* We find a statute's meaning in the text of the statute, "the words chosen by the legislature." *State v. Childs*, 898 N.W.2d 177, 184 (Iowa 2017) (quoting *State v. Iowa Dist. Ct.*, 730 N.W.2d 677, 679 (Iowa 2007)).

While the rationale of *McMurry* could extend to correctional fees, we do not have authority to make that extension. *See* 925 N.W.2d at 599–601 (holding that "fees and costs should not be apportioned in multicount cases that result in both a conviction and a dismissal when the fees and costs would have been the same without the dismissed counts"). We are mindful of our role and do not wish to legislate. The statute is silent on any apportionment that might occur in multicount prosecutions. We also note there is "relatively little attention" given to Iowa Code section 356.7 in Iowa appellate decisions. *See State v. Gross*, ___ N.W.2d ___, 2019 WL 6040803, at *6–8 (Iowa 2019) (holding jail fees sought under section 356.7 but not requested to be awarded in restitution are not restitution and are not subject to a reasonable-ability-to-pay determination). In *State v. Petrie*, the Iowa Supreme Court did not view the silence in the statute as foreclosing the apportionment of costs and fees between counts that resulted in a conviction and those that were dismissed. 478 N.W.2d 620, 622 (Iowa 1991). But, *Petrie* dealt with restitution. If the sheriff does not specifically request the fees to be included in a restitution order, jail fees collected under this code section are not restitution. *See Gross*, ___ N.W.2d ___, 2019 WL 6040803, at *6–8.

Here, Shackford was convicted of a criminal offense and incurred these administrative costs for his jail stay. So, we follow the language of the statute, which requires Shackford to pay all of his administrative costs associated with his jail stay. We affirm on this issue.

**B. Reasonable Ability to Pay.** Shackford next argues he was entitled to a reasonable-ability-to-pay determination before being required to pay jail fees and court costs. The sheriff made the request for jail fees under Iowa Code section 356.7(3), which provides in relevant part,

> Upon receipt of a claim for reimbursement, the court shall approve the claim in favor of the sheriff or the county, or the municipality, for the amount owed by the prisoner as identified in the claim and any fees or charges associated with the filing or processing of the claim with the court. The sheriff or municipality may choose to enforce the claim in the manner provided in chapter 626. Once approved by the court, the claim for the amount owed by the person shall have the force and effect of a judgment for purposes of enforcement by the sheriff or municipality.

"If the sheriff wishes to have the claim included in a restitution plan, the sheriff must make a specific request to that effect in the reimbursement claim." *Abrahamson*, 696 N.W.2d at 591; *see also* Iowa Code § 356.7(2)(i). If the sheriff does not ask for the court to include correctional fees in the restitution award, the sheriff may collect the amount "as a judgment in the traditional sense, under Iowa Code chapter 626." *Abrahamson*, 696 N.W.2d at 591; *see also State v. Gross*, ___ N.W.2d at ___, 2019 WL 6040803, at *8; *State v. Quijas*, No. 17-1043, 2018 WL 3654845, at *2 (Iowa Ct. App. Aug. 1, 2018).

According to Shackford, chapter 626 does not create a separate civil judgment but instead is merely a mechanism for enforcing or collecting a judgment already received. In his view, any reimbursement obligation in a criminal case creates a criminal restitution obligation no matter how the State intends to enforce the judgment. Shackford also argues that the district court treated the correctional fees as restitution. *See State v. Iowa Dist. Ct.*, No. 17-0616, 2018 WL 739323, at *4 (Iowa Ct. App. Feb. 7, 2018) (holding that the correctional fees should be treated

as restitution because the sheriff and the court intended the correctional fees to be included in a final restitution order, not as a separate civil judgment).  The State argues that because the correctional fees are a collateral civil judgment, Shackford had to seek reconsideration under Iowa Rule of Civil Procedure 1.1007 and his failure to do so waives his claims on appeal.

As for the correctional fees, the sheriff did not ask the court to include the fees in a restitution award.  Nor did the district court order these costs as restitution.  The IDOC should not have included these correctional fees in the restitution plan of payment it filed with the court, and the sheriff cannot recover these costs as restitution under chapter 910.  *See Abrahamson*, 696 N.W.2d at 591–92; see *also Gross*, ___ N.W.2d at ___, 2019 WL 6040803, at *7.  The Iowa Supreme Court recently acknowledged the "tradeoff" the sheriff accepts when he or she elects to pursue these fees as a civil judgment instead of restitution.  *See Gross*, ___ N.W.2d at ___, 2019 WL 6040803, at *7 ("[W]hen the sheriff elects not to include jail fees in restitution, she or he is giving up some advantages.  Restitution is a condition of probation, parole, and work release, and can't be discharged in bankruptcy.").

Instead, the sheriff must recover these fees under chapter 626.  In a civil action to collect the jail fees, Shackford has the same protections available as other civil judgment debtors.  *See Abrahamson*, 696 N.W.2d at 592–93.  There is no reasonable ability to pay determination for civil judgment debtors.  *Gross*, ___ N.W.2d at ___, 2019 WL 6040803, at *8.  For that reason, the district court did not have to assess Shackford's reasonable ability to pay the jail fees before entering the order approving the fees.

As for other court costs, however, if the court includes these amounts in the restitution order, Shackford is entitled to a determination of his reasonable ability to pay those costs. *See* Iowa Code §§ 910.1(4), .2(1); *State v. Albright*, 925 N.W.2d 144, 162 (Iowa 2019). Here, the IDOC submitted a restitution plan, but the district court has not yet entered a final restitution order. When the district court does enter a final restitution order, it must consider Shackford's reasonable ability to pay. We remand to the district court for the entry of a final restitution order.

## IV. Conclusion.

We affirm the district court's resentencing order and remand for the entry of a final restitution order. On remand, the court may not include the correctional fees in the restitution order, and Shackford is entitled to a reasonable-ability-to-pay determination before the court may include other court costs in the restitution order.

**SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**