# IN THE COURT OF APPEALS OF IOWA

No. 19-0534
Filed May 13, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MARK RAY SORTER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Robert J. Blink (first restitution order) and Lawrence P. McLellan (second restitution order), Judges.

A defendant appeals two district court orders requiring him to pay jail fees. **AFFIRMED.**

Karmen Anderson of Anderson & Taylor, P.L.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**TABOR, Presiding Judge.**

Mark Sorter appeals the district court orders approving the sheriff's claims for reimbursement of the cost of his detention. He argues the court should have first determined his reasonable ability to pay. Because the sheriff did not request jail fees as restitution, they were not subject to a reasonable-ability-to-pay limitation. Thus, we affirm the orders.

Sorter pleaded guilty to four crimes[1] and appeared for sentencing in March 2019. The district court imposed an indeterminate twenty-year prison sentence and suspended the fines because of Sorter's impending incarceration. It ordered Sorter to pay victim restitution (in an amount to be determined[2]) but decided he did not have the reasonable ability to pay court costs or court-appointed attorney fees.

Separate from the sentencing order, the Polk County Sheriff filed two applications for reimbursement of jail room and board fees—one for $315 and one for $1815. The court approved both claims and entered them as civil judgments against Sorter. Sorter challenges those orders in this appeal.

"We review restitution orders for correction of errors at law." *State v. Gross*, 935 N.W.2d 695, 698 (Iowa 2019). "In doing so, '[w]e determine whether the court's findings lack substantial evidentiary support, or whether the court has not properly applied the law.'" *Id.* (quoting *State v. Albright*, 925 N.W.2d 144, 158 (Iowa 2019)).

---

[1] The offenses included possession of methamphetamine, third offense; third-degree burglary as an habitual offender; operating a motor vehicle without the owner's consent; and third-degree theft.

[2] The court ordered Sorter to participate in a Victim-Offender Reconciliation Program, partially to determine the amount of loss to the crime victims.

Iowa courts must order restitution in all cases of criminal conviction. *See* Iowa Code § 910.2 (2019). The code sets out two categories of restitution, the second of which is limited by the court's determination that the offender is reasonably able to pay it. *Id.* § 910.2(1). These category-two items include court costs, "correctional fees approved pursuant to section 356.7," and court-appointed attorney fees. *Id.* Under recent case law from our supreme court, "no award of reasonable-ability-to-pay items such as jail fees may occur until all such items are before the court and the court has then made a reasonable-ability-to-pay determination." *Gross*, 935 N.W.2d at 702 (citing *Albright*, 925 N.W.2d at 162).

Sorter argues the court erred in ordering him to pay the jail fees without determining he had a reasonable ability to pay. The State responds that Sorter failed to preserve error by not challenging the imposition of those fees in the district court.[3] And even if he did preserve error, according to the State, the jail fees are not subject to a reasonable-ability-to-pay determination because the sheriff never specified the charges should be included in the restitution award.

The *Gross* decision weighed an error-preservation claim under facts much like Sorter's case. On one hand, if the award is a civil judgment, "the rules of error

---

[3] As the State notes, Sorter filed his notice of appeal in April 2019, but the district court entered the supplemental orders approving the sheriff's claims for reimbursement in May 2019. Because Sorter did not file a separate notice of appeal, the State contends we should summarily affirm. *See Iowa State Bank & Tr. Co. v. Michel*, 683 N.W.2d 95, 110 (Iowa 2004) ("Because the defendant did not file a separate notice of appeal from the court's post-appeal ruling on the collateral issue of bond, we held that issue was not before the court on appeal."). Because the March 2019 sentencing order included an order to pay restitution, Sorter's challenge is not to a collateral issue. *See State v. Letscher*, 888 N.W.2d 880, 884 (Iowa 2016) (finding, where the court made forfeiture a part of the sentencing, it was not a collateral issue and could be addressed on appeal).

preservation for civil matters apply." *Gross*, 935 N.W.2d at 702. On the other hand, restitution is part of a criminal sentence, and defendants may raise the failure to consider their reasonable ability to pay for the first time on appeal. *See State v. Gordon*, 921 N.W.2d 19, 22–23 (Iowa 2018). But "once the deadline for direct appeal has run, the defendant is limited to filing a petition to modify restitution . . . under Iowa Code section 910.7." *Gross*, 935 N.W.2d at 699 (citing *State v. Jose*, 636 N.W.2d 38, 46–47 (Iowa 2001)). The court noted "error preservation is intertwined with the merits" in such cases. *Id.* "If the award of jail fees is part of restitution, then Gross can raise the lack of a reasonable-ability-to-pay hearing for the first time in a timely direct appeal." *Id.* Like the *Gross* court, we proceed to the merits.

Because category-two items include jail fees, it appears at first blush that a sheriff's claim is subject to a reasonable-ability-to-pay determination. *Id.* But the code adds greater complexity to the jail-fee question. Only those fees approved under section 356.7 may be assessed as category-two restitution. *See* Iowa Code § 910.2(1)(a)(3). "The sheriff, municipality, or the county attorney, on behalf of the sheriff, or the attorney of the municipality, may file a reimbursement claim with the clerk of district court" which includes all the relevant information. *Id.* § 356.7(2). On that list of relevant information is "a request that the amount owed be included within the order for payment of restitution by the person" if the sheriff wishes to go that route. *See id.* § 356.7(2)(i).

Once the sheriff submits a claim, the court must exercise its discretion in deciding whether to approve it. *Id.* § 356.7(3); *see State v. Abrahamson*, 696 N.W.2d 589, 593 (Iowa 2005) (clarifying that statute's "shall approve" language

granted court authority to resolve merits of claim rather than mandating court sign sheriff's request as ministerial function). If the sheriff chooses to enforce the claim under chapter 626, once approved by the court, "the claim for the amount owed by the person shall have the force and effect of a judgment for purposes of enforcement by the sheriff or municipality." Iowa Code § 356.7(3). But if the sheriff decides to collect under a restitution plan, the claim must say so. *Abrahamson*, 696 N.W.2d at 591. Here, the State emphasizes the sheriff did not elect to collect the claim as restitution.

Anticipating the State's position, Sorter insists the court arbitrarily found the sheriff sought the fees as a civil judgment rather than as part of restitution, though the reimbursement application did not specify which route the sheriff was taking. Sorter argues, "This is an abuse of discretion. The Court cannot decide to enforce the matter under a plan more favorable to the sheriff without request or in an effort to avoid the most recent appeals opinions determining that the Court must make a determination on Sorter's reasonable ability to pay."[4]

*Gross* addressed a sheriff's claim that did not include a specific request to include jail fees within restitution. 935 N.W.2d at 703. The supreme court held where the sheriff does not "opt . . . to have jail fees included in restitution," there is no reasonable-ability-to-pay limitation. *Id.* In other words, "an award of jail fees is not subject to a reasonable-ability-to-pay limitation unless the fees are a component of restitution" and the sheriff must include the request in their application for reimbursement. *Id.*

---

[4] Sorter filed his brief before the supreme court issued its opinion in *Gross.* The State filed its brief shortly after *Gross* came down, and Sorter filed no reply brief.

In Sorter's case, the sheriff filed two applications for reimbursement, one for $315 and one for $1815. In both applications, the sheriff only identified that the claim was "pursuant to Iowa Code section 356.7." Responding to the first application, the court approved the amount "pursuant to Iowa Code section 356.7 in an amount of $315.00." Several days later, the court approved the second application:

> IT IS HEREBY ORDERED that Sheriff's Claim for Reimbursement is approved by the Court pursuant to Iowa Code 356.7(3) in an amount of $1,815.00. The Sheriff, in his/her application, did not request to have the amount of the claim for charges owed included within the amount of restitution, pursuant to Iowa Code section 356.7(2)(i). Accordingly, this judgment is not part of the plan of restitution and collection of this judgment shall be made pursuant to Iowa Code chapter 626 or any other remedy authorized by law to include collection pursuant to Iowa Code section 602.8107.

The district court properly entered these claims as civil judgments under chapter 626. In listing the information required under section 356.7(2)(i), the sheriff did not elect to include the jail fees as an item of restitution. So when the court approved the fees under section 356.7(3), it correctly inferred the sheriff was choosing to enforce the claim under chapter 626. Under *Gross* and the relevant statutes, the court did not need to perform a reasonable-ability-to-pay analysis.

To recap, because the sheriff did not ask for the jail fees to be included in the amount of restitution, the district court correctly treated the claim as a civil judgment. And because the awards are civil judgments, two consequences follow. First, Sorter did not preserve error by objecting in the district court. Second, even if he had, the awards would not be subject to a reasonable-ability-to-pay determination. Thus we affirm the awards.

**AFFIRMED.**