# IN THE COURT OF APPEALS OF IOWA

No. 19-1157
Filed April 14, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RANDY DEAN MILES JR.,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell, Judge.

Randy Miles appeals the order approving the Polk County Sheriff's claim for reimbursement of administrative costs and room and board. **REVERSED AND JUDGMENT VACATED IN PART.**

Erin M. Carr of Carr Law Firm, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., Tabor, J., and Carr, S.J.*

*Senior judge assigned by order under Iowa Code section 602.9206 (2021).

**DOYLE, Presiding Judge.**

Randy Miles was arrested and jailed in November 2017 on charges of first-degree murder (a class "A" felony) and first-degree arson (a class "B" felony). Bond was set at $1,000,000 cash only for each charge. Miles had no job and no money. In November 2018, Miles reported to the court the parties were working through plea negotiations. In February 2019, he reported to the court the parties reached a plea agreement. The plea hearing took place in March 2019. Miles agreed to plead guilty to reduced charges of involuntary manslaughter (a class "D" felony) and fleeing the state to avoid prosecution for a felony (a class "D" felony), with habitual offender sentencing enhancements. The court accepted his guilty plea and later sentenced Miles to consecutive fifteen-year terms of imprisonment and ordered him to serve at least one-half. He was also ordered to pay $150,000 in restitution. *See* Iowa Code § 910.3B(1) (2017) (court shall order offender who causes the death of victim to pay $150,000 in restitution to victim's estate or heirs).

After sentencing, the State moved to amend the sentencing order to include amounts of restitution that were unavailable at the time of sentencing. Included with these motions was the Polk County Sheriff's claim for reimbursement of administrative costs and room and board related to Miles's stay in the Polk County Jail from November 6, 2017 to April 2, 2019. *See* Iowa Code § 356.7(1), (2)(f), (2)(g) (2019) (allowing the county sheriff to charge a person convicted of a criminal offense for room and board and administrative costs while in the sheriff's custody and to file a claim with the district court for that amount). The sheriff's claim sought

reimbursement for a $75 administrative fee and the 512 days[1] of room and board at a rate of $60 per day, for a total claim of $30,795. After a hearing, the court ordered Miles to reimburse the sheriff in the full amount as a civil judgment, rather than including it in Miles's plan of restitution. *See State v. Abrahamson*, 696 N.W.2d 589, 593 (Iowa 2005) ("Under section 356.7(3), a court-approved claim for room and board may be enforced in two ways: as a judgment in the traditional sense, under Iowa Code chapter 626, or as part of a restitution plan under chapter 910.").

On appeal, Miles challenges the amount of jail costs and fees. He argues the State failed to provide evidence to support the amount and the amount is unconstitutionally excessive. We review his challenge to the amount of costs and fees for correction of errors at law, determining whether substantial evidence supports the court's findings. *See State v. Gross*, 935 N.W.2d 695, 698 (Iowa 2019).

Miles argues that the State failed to provide evidentiary support for the amount of jail fees. So we must first determine whether the court's findings lack the support of substantial evidence. *Id.* A representative of the sheriff's office was not present at the hearing. The court commented to the prosecutor that defense counsel had asked the sheriff to come in to "verify how they make the determination to the daily rate." The court asked the prosecutor, "And you don't have any evidence to offer as to that, I assume, today?" The prosecutor responded, "I do not." In its written order, the court noted the State presented no

---

[1] Miles spent 513 days in the Polk County Jail, but Miles received a $60 credit for the first day of room and board.

evidence specifically on the calculations of the jail fees beyond what was in the court file—the claim form.  The court acknowledged the State did not provide evidence to show how the sheriff calculated the $60 room and board daily rate.  The court stated it took judicial notice that the Polk County Sheriff charges that same rate in each case in which it makes a claim.  In its conclusions of law, the court again stated the State presented no evidence to show exactly how it calculated its $60 daily rate.  So the court relied on an appellate opinion that affirmed a $50 daily rate where evidence presented in that case showed other surrounding jails were charging $60 to $70 per day.  *State v. Abrahamson*, 696 N.W.2d 598, 591 (Iowa 2005).  The district court found, "The present-day $60.00 rate charged by the Polk County Sheriff is well within a range of reasonableness in light of the record in *Abrahamson*."[2]  But reasonableness is not the question here.  Substantial evidence must support the claim, not reasonableness.  The prosecutor presented no evidence to support the sheriff's room and board claim other than the claim itself.  And no evidence was presented about the *actual* administrative costs relating to Miles's arrest and booking.  *See* Iowa Code § 356.7(1) (emphasis added).  We conclude that the district court's judgment lacks substantial evidentiary support.  We therefore reverse, and we vacate that portion

---

[2] We are aware of many cases that have approved similar daily rates.  *See, e.g.*, *State v. Miller*, No. 20-0576, 2021 WL 210981, at *2 (Iowa Ct. App. Jan. 21, 2021) ($50 per day);  *State v. Boyer*, No. 18-1892, 2020 WL 2108129, at *1 (Iowa Ct. App. Mar. 12, 2020) ($60 per day); *State v. Boruch*, No. 14-1757, 2016 WL 4801325, at *4 (Iowa Ct. App. Sept. 14, 2016) ($60 per day); *State v. Winters*, No. 03-1787, 2004 WL 1836211, at *1 (Iowa Ct. App. July 28, 2004) ($46.73 per day).  But the amount of the daily rate was not challenged in these cases.

of the judgment ordering repayment of jail fees and administrative costs in the amount of $30,795.00.

In view of our disposition, we need not decide Miles's claim that the assessment of room and board charges amount to an excessive fine, in violation of the Eighth Amendment to the United States Constitution and article I, section 17 of the Iowa Constitution.

**REVERSED AND JUDGMENT VACATED IN PART.**